## PRYE v. KALBAUGH et al.

No. 1861.   Decided April 7, 1908 (97 Pac. 331).

1. WORK AND LABOR—ACTION FOR SERVICES—COMPLAINT. A complaint in an action for services in digging a well, which alleges that plaintiff, at the request of defendant, performed work in drilling a well for which services defendant became indebted to plaintiff in a specified sum, that the services were reasonably worth such sum, and that defendant had not paid the same or any part thereof, except a specified sum, states a cause of action.

2. SAME—EVIDENCE—INSTRUCTIONS. Where, in an action for digging a well, plaintiff showed that he agreed to dig a well and obtain water for $250, provided no rock formation was encountered, and that, when a rock formation was encountered, it was agreed that he should proceed with the work and should be paid a reasonable compensation in addition to the $250, and defendant showed that the agreement required plaintiff to dig a well and supply a sufficient quantity of water for $250, or receive no pay, an instruction that plaintiff to recover must show that he obtained a sufficient supply of water, unless it was found that the agreement was afterwards modified, and that if there was a contract under which plaintiff agreed to dig the well for defendant at a stipulated price, and that after the work had been commenced the parties altered the contract, plaintiff was entitled to recover reasonable value for his work subsequently performed, unless he stipulated to perform the work on condition that he was to be paid only on success, fairly stated the law applicable to the theories of the parties.

3. CONTRACTS—MODIFICATION—CONSIDERATION. Where the original contract is executory on both sides, either in whole or in part, and the parties in forming a new contract waived or released any liability created by the original contract, such waiver is a consideration for the promise, of the party whose liability is thus released.

4. APPEAL AND ERROR—DISCRETION OF TRIAL COURT—SPECIAL VERDICTS—SUBMISSION OF ISSUES. Under Revised Statutes 1898, section 3163, providing that the court may direct the jury to find a special verdict on all or any of the issues, etc., it is within the discretion of the court to submit or refuse to submit particular questions of fact, and error cannot be imputed to it without a showing of an abuse of discretion.[1]

[1] Genter v. Min. Co., 23 Utah 165, 64 Pac. 362; Mangum v. Min. Co., 15 Utah 534, 50 Pac. 834.

5. TRIAL—DISCRETION OF COURT—SUBMISSION OF SPECIAL ISSUES. Where, in an action for digging a well, the issue was whether the contract bound plaintiff to dig a well and obtain a sufficient supply of water for $250, or receive no compensation, or whether the contract bound him to dig a well for $250, provided no rock formation was encountered, and that, when a rock formation was encountered, a new agreement was entered into providing for additional compensation, the refusal of the court to submit to the jury issues whether plaintiff agreed that he would get water to supply defendant or receive no pay or whether plaintiff obtained a sufficient supply of water, etc., was not an abuse of the trial court's discretion.

6. TRIAL—ARGUMENT OF COUNSEL. Where, in an action for digging a well, the court, on objection to the argument of counsel for plaintiff that plaintiff was simple-minded, and not able to cope with men of stronger intelligence, that plaintiff and defendant were not on an equal footing, that the plaintiff in his simple-mindedness believed that defendant would pay him for the work he had done, etc., ruled that such remarks were to be considered by the jury merely as counsel's conclusions as to what the evidence proved and could not be considered as statement of facts, etc., the refusal to grant a new trial for misconduct of the counsel was not erroneous.

7. NEW TRIAL—CONDITIONS ON DENIAL—PERFORMANCE. The court on hearing a motion for new trial made an order granting a new trial unless within ten days after service of notice of the decision on plaintiff he agreed to remit a part of the verdict and consented that judgment might be entered for a specified amount and costs. Two days later plaintiff filed with the clerk a remittitur in accordance with the order. On the same day an order was made entering a judgment for the specified amount and costs, and denying the motion for new trial. *Held*, that a motion by defendant subsequently filed, asking that the original order be made absolute, and that a new trial be granted because plaintiff had not served a copy of the remittitur, was properly denied.

APPEAL from District Court, Third District; M. L. Ritchie, Judge.

Action by John Prye against Perry Kalbaugh and others. From a judgment for plaintiff against defendant Perry Kalbaugh, the latter appeals.

AFFIRMED.

*C. W. Collins* for appellant.

*Culbert L. Olson* for respondent.

### APPELLANT'S POINTS.

Where under the evidence only one verdict could be rendered, it is hard for counsel to so far overstep the bounds as to cause a reversal, but where the evidence is close he is held strictly within bounds. Some of the following cases show a reversal for much less infraction than in the case at bar. (*Brown v. Swineford*, 44 Wis. 282, 28 Am. Rep. 582; *Coe v. Van Why* [Colo.], 80 Pac. 894; *Lindsay v. Pettigrew* [S. D.], 52 N. W. 873; *Huckell v. McCoy* [Kan.], 15 Pac. 870; *Railway v. Cooper* [Tex.], 8 S. W. 68.)

Where there is a condition precedent to liability—strict compliance required. (9 Cyc. 615, 699, 760, 761, 782; *Orman v. Ryan* [Colo.], 55 Pac. 168; *McIntire v. Mining Co.* [Utah], 60 Pac. 552; Bishop on Contracts, secs. 586, 1422.)

The sixteenth error is the total failure of the evidence in that the complaint charges liability, if any, as agents, while the only evidence was against appellants as principals, there was no evidence tending to show liability as agents of the Bingham Consolidated Mining & Smelting Company, and therefore the verdict cannot stand. (R. S. 1898, sec. 3003, and cases cited; *Peay v. Salt Lake City* [Utah], 40 Pac. 206; *Clark v. Sherman* [Wash.], 32 Pac. 771; *Miller v. Hallack* [Colo.], 13 Pac. 541; *Clark v. Ellithorpe* [Kan.], 51 Pac. 940; *Mondrou v. Goux*, 51 Cal. 151; *Sigourney v. Zellerbeck*, 55 Cal. 431; *Hart v. Carsley Mfg. Co.* [Ill.], 77 N. E. 897.)

### RESPONDENT'S POINTS.

Great latitude is always allowed in appealing to the jury to consider all possible facts and conclusions in support of the side upon which argument is made. It is the privilege of counsel on both sides. (*Tucker v. Hunniker*, 41 N. H. 323; *Baker v. Madison*, 62 Wis. 147; *Dowell v. Wilcox*, 64

Ia. 724; *Baltishill v. Humphreys,* 64 Mich. 514; *People v. Hopt,* 4 Utah 247, 120 U. S. 430; *People v. Hite,* 8 Utah 461; *U. S. v. Musser,* 4 Utah 153.)

In civil cases it is not alone sufficient to show that even grossly improper language and argument has been used by counsel, but it must further appear that the jury was influenced by such improper remarks, and in the absence of such showing they will not warrant a new trial. (*Buscher v. Scully,* 107 Ind. 246; *Railway v. Croskell,* 6 Tex. Civ App. 160; *Tucker v. Cole,* 54 Wis. 539.)

STRAUP, J.

This is an action brought by plaintiff against Perry Kalbaugh, Kalbaugh Company, and the Bingham Consolidated Mining & Smelting Company, a corporation, defendants, to recover a money judgment for services alleged to have been rendered in digging a well. The case was tried to the court and a jury. Plaintiff had judgment against the defendant Perry Kalbaugh, who prosecutes this appeal.

In the complaint it was alleged that the defendant Perry Kalbaugh was engaged in developing and operating rock quarries; that he sometimes carried on the business in the name of Kalbaugh Company, a partnership consisting of himself and others unknown to the plaintiff; that in operating the quarries they were acting as agents for the Bingham Consolidated Mining & Smelting Company, a corporation; that between the 4th day of October and the 21st day of January, 1905, plaintiff, at the request of the defendants, performed work, labor, and services in drilling, digging through and removing rock and dirt and in doing other similar services for defendants at defendants' rock quarries in Parley's Canyon, Salt Lake county, Utah, for which services defendants became indebted to plaintiff in the sum of $794.62; that the labor and services were reasonably worth that amount; and that the defendants had not paid the sum or any part thereof except the sum of $71. No demurrer was interposed to the complaint. The defendant Perry Kalbaugh answered, alleging that he was engaged in the quarry business at the

place named in the complaint; that he carried on such business in the name of Kalbaugh Company, but that the business was his individual business. He denied the existence of a partnership, and that he was the agent of the smelting company, or that it had any connection with or was in any manner concerned in the business. All other allegations of the complaint were also denied. It was further alleged by him that he and the plaintiff entered into a verbal contract by the terms of which the plaintiff agreed to dig a well at his quarry, and to obtain a sufficient supply of water for working the quarry, and for domestic and culinary purposes; that in the event of plaintiff's obtaining such supply, he was to be paid the sum of $250, otherwise he was to receive no compensation; that the quantity of water necessary for such supply was 250 gallons per day; and that the plaintiff failed to obtain a supply to exceed 10 gallons per day. He also alleged, by way of counterclaim, that the plaintiff was indebted to him in the sum of $99.25 for money paid, and materials and powder furnished plaintiff. Upon the service and filing of the answer, the plaintiff dismissed the action as to the smelting company. The plaintiff filed a reply to Kalbaugh's answer and counterclaim, in which it was admitted that he and the defendant originally agreed that the plaintiff should dig the well and obtain water for the sum of $250, providing no hard rock formation should be encountered; that the plaintiff began the prosecution of the work at the place designated by the defendant, and, after he had dug the well to the depth of twenty-eight feet, he encountered hard limestone bedrock, which was reported to the defendant, and plaintiff made the claim that, by reason of such formation, he could not further proceed without additional compensation; that thereupon it was agreed that the plaintiff should continue further prosecution of the work, and that he should be paid a reasonable compensation in addition to the sum of $250, and that the plaintiff, in pursuance thereof, and with the assistance of men employed by himself, and at considerable expense, dug the well for a depth of eighty feet through hard rock formation, making a

total depth of 108 feet; that shortly after entering the rock formation, a considerable quantity of water was found, and plaintiff advised the defendant that, by extending the drift laterally, a larger quantity of water would be obtained, but the defendant ordered the plaintiff to continue digging the well vertically through the formation; that the plaintiff dug the well as directed and requested by the defendant; and that a quantity of water in excess of sixty gallons per day was obtained, which ever since has been used by the defendant for domestic and culinary and other purposes at and about the quarry.

The first assignment of error relates to the sufficiency of the complaint. At the trial the defendant objected to the introduction of any evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action. Upon that ground a motion was also made in arrest of judgment. The objection and motion were overruled. We think the complaint contains sufficient facts to state a cause of action. The complaint is somewhat inartificial and in some respects uncertain and ambiguous; but the averments in paragraph 3 in and of themselves are sufficient to state a cause of action against the defendant and to support the judgment.

Another assignment raises the question of sufficiency of evidence. Considerable evidence was given by both parties in support of the facts contained in the pleadings of the respective parties. On the part of the defendant evidence was given to support the contentions that the plaintiff had agreed to dig the well and to obtain a sufficient supply of water for the sum of $250, and, in the event that he failed to obtain such supply of water, he was to receive no compensation, and that he failed to obtain a proper supply of water, and that the water obtained was not fit for domestic purposes. On the other hand, evidence was given on the part of plaintiff that he had originally agreed to dig the well and obtain water, without any quantity being specified, for the sum of $250 provided that no rock formation would be encountered; that, when the rock formation was encountered, it was agreed

between them that the plaintiff should proceed with the prosecution of the work, and that he should be paid a reasonable compensation in addition to the sum of $250; that the plaintiff proceeded with the work as directed by the defendant, and obtained a good supply of water suitable for quarry and domestic purposes, and that it was used by the defendant for such purposes. The evidence is very conflicting, but, on an examination of the record, we are well satisfied that there is sufficient evidence to support the allegations of the complaint and to support the judgment.

Assignments are also made relating to the charge of the court and to the refusal of the court to charge as requested by the defendant. We perceive no error in these rulings. The court instructed the jury that, if they found from the evidence that the agreement between the plaintiff and defendant required that the plaintiff should obtain water sufficient to supply the defendant in operating his business and not to pay the plaintiff anything if he did not obtain such supply of water, then the plaintiff, in order to recover, must show by a preponderance of the evidence that he obtained such supply, unless it was found from the evidence that such agreement was afterwards modified or abrogated. The court further instructed the jury that if they found from the evidence that there was a contract under which plaintiff agreed to dig the well for the defendant at a stipulated price, but that after the work had been commenced the plaintiff and defendant altered or abandoned the contract, then the plaintiff would be entitled to recover a reasonable value for his work subsequently performed, unless he had stipulated to perform the work upon conditions, and that he was to be paid only upon success. The criticism made of the charge is that there was not sufficient evidence to show a modification of the contract; and, further, that the modification was ineffectual because of a lack of evidence to show that it was founded upon a sufficient new consideration. The claim of counsel is based upon the erroneous assumption that the terms of the contract as originally made, and as testified to by the defendant, that the plaintiff was to dig the well and to fur-

nish the defendant with sufficient water "to run the camp for $250 or no pay," were not in dispute. Sufficient importance is not attached to the plaintiff's testimony that the terms of the original contract were that he should dig the well and obtain water for the sum of $250 provided no rock formation was encountered, and that, when the rock formation was encountered, he and the defendant further agreed and stipulated as in his reply set forth, and as hereinbefore stated. We think the charge of the court fairly stated the law applicable to the respective theories of the parties.

In this connection may also be considered the defendant's assignment which relates to the refusal of the court to give the defendant's request, which, in substance, is that the plaintiff, relying upon a modification of the contract, must prove such modification "by a clear preponderance of the evidence. He must also prove by a like preponderance of the evidence a new or an additional consideration." The request was properly refused because the law is not as was requested. A new contract must, of course, have a consideration. But it is not essential that it should be "a new or additional consideration" in the sense as was requested. If the original contract is still executory on both sides either in whole or in part, and the parties in forming a new contract waive or release any liability created by the original contract, such waiver is a consideration for the promise of the party whose liability is thus released.

A further complaint is made because the court refused the defendant's request to require the jury to find a special verdict in writing. The special facts requested to be found were: "(1) Did plaintiff agree that he would get water to supply Kalbaugh in said well, or no pay? (2) Did Kalbaugh agree to pay plaintiff anything for sinking the well if plaintiff failed to obtain thereby a water supply? (3) Did plaintiff obtain such a water supply?" The jury were also requested to find specially how much was due plaintiff, and how much was due the defendant on his counterclaim. The statute (section 3163, Rev. St. 1898) provides that "in all cases the court may direct the jury to find a special

verdict in writing upon all or any issues, or may instruct them, if they render a general verdict, to find upon any particular question of fact, to be stated in writing, and may direct a written finding thereon." We think under the statute it was within the discretion of the court to submit or refuse to submit the particular questions of fact requested, and that error cannot be imputed to the trial court without a showing of an abuse of discretion. (*Genter v. Min. Co.,* 23 Utah 165, 64 Pac. 362; *Mangum v. Min. Co.,* 15 Utah 534, 50 Pac. 834; *Olmstead v. Dauphiny,* 104 Cal. 635, 38 Pac. 505.) The discretion of the trial court was not abused in refusing the request.

Complaint is also made because of the court's refusal to grant a new trial on the ground of misconduct of plaintiff's counsel in addressing the jury. In his address plaintiff's counsel, in substance, stated that the plaintiff was simple minded and not able to cope with men of stronger intelligence; that the plaintiff and defendant were not on an equal footing; that the plaintiff in his simple mindedness trusted and believed the defendant would pay him for the work he had done; that he was a poor man, and went in debt to pay for work done in digging the well; that the defendant deceived and misled him and urged him to go on with the work, and to now let defendant escape without paying for the work would be a fraud on the plaintiff. The defendant objected to the argument on the "ground that neither fraud, deceit, nor mental incapacity were pleaded and there was no evidence of either." In ruling upon the objection the court stated, in substance, that the remarks of counsel were to be considered by the jury merely as his own conclusions as to what the evidence proved and could not be considered by them as statements of facts, and that the statements of counsel both as to the facts and as to the law should be disregarded, except in so far as such statements were supported by the evidence and were in accordance with the instructions of the court. No error was committed by the court in refusing the motion for a new trial on this ground.

The verdict of the jury was rendered for the sum of

$723.37. Upon the hearing of the motion for a new trial the court was of the opinion that the evidence did not warrant a verdict for a greater amount than $373. The court thereupon, and on the 6th day of December, 1906, made an order that unless, within ten days after service of the notice of the decision upon plaintiff or his counsel, he agreed to remit the amount in excess of $373 and consented that judgment might be entered for that amount and costs, a new trial would be granted. The plaintiff thereupon, on the 8th day of December, filed with the clerk a remittitur in accordance with the order. On the same day an order was made by the court entering judgment for the sum of $373 and costs and denying the motion for a new trial. Thereafter and on the 21st day of December the defendant filed a written motion asking that the original order be made absolute, and that a new trial be granted, because the plaintiff had not served the defendant with a copy of the remittitur. The refusal of the court to grant the motion is now assigned as error. No error was committed in this regard.

There are other assignments, but we do not perceive any error in the rulings.

We are of the opinion that the judgment of the court below ought to be affirmed, with costs. It is so ordered.

McCARTY, C. J., and FRICK, J., concur.