## SILVER v. HOLT.

No. 3807.   Decided November 24, 1922.   (210 Pac. 985.)

EXCHANGE OF PROPERTY—VENDEE'S PROMISE TO PAY PART OF COM-
PENSATION TO VENDOR'S TENANT FOR WORK AND EXPENSE OF
PLANTING CROPS HELD SUPPORTED BY SUFFICIENT CONSIDERATION.
Where the parties to a contract to exchange an apartment house
and residence for a farm, the owner of which agreed to deliver
possession by warranty deed clear of incumbrances, were igno-
rant of the fact that the tenant had planted crops and under-
stood that it should be delivered without being so planted, an
agreement by the apartment house owner, after the tenant's
refusal to surrender possession until compensated for his work
and expense, to pay part of the amount of a promissory note
executed by the farm owner to the tenant for such purpose,
was supported by sufficient consideration, the rule that a prom-
ise to pay something for what promisee is already bound to do
by the contract is nudum pactum, being inapplicable, where
unexpected obstacles which the parties could not reasonably
foresee, make performance more onerous or less advantageous
than anticipated and require, equitably at least, a readjustment
of the contractual relations.[1]

Appeal from District Court, Third District, Salt Lake
County; *Ephraim Hanson,* Judge.

Action by William P. Silver against Samuel J. Holt.  From
a judgment for plaintiff on one count of the complaint, de-
fendant appeals.

AFFIRMED.

*J. J. Whitaker,* of Salt Lake City, for appellant.

*E. V. Higgins,* of Salt Lake City, for respondent.

GIDEON, J.

[1] *Prye* v. *Kalbaugh,* 34 Utah, 306, 97 Pac. 331.

Plaintiff seeks by this action a money judgment against the defendant. The complaint contains three causes of action. A nonsuit was granted on the first count, and judgment was given in plaintiff's favor on the second and third causes of action. The appeal is from the judgment entered upon the third count.

On April 29, 1918, the defendant, as party of the first part, and Laura C. Silver, as party of the second part, entered into a written contract to exchange an apartment house and a residence owned by defendant in Salt Lake City for a farm located in Davis county, Utah, belonging to the second party. Laura C. Silver, in that contract, undertook and agreed to furnish an abstract of the property owned by her showing good title, and to deliver possession of the same by warranty deed clear of all incumbrances save the general taxes for the year 1918. The farm property was in possession of a tenant. This same tenant had occupied and cultivated the property for a period of three years. It appears from the oral review of the testimony by the district court, as the same is transcribed in the record, that the parties to the agreement were of the opinion at the date of the agreement that the farm had not been cultivated or planted in crops for that season, and that it was understood that the property should be delivered without being so cultivated or planted. The court recognized the duty of Laura C. Silver to deliver possession of the farm on the date specified in the contract, to wit, May 30th, but was of the opinion that it was not contemplated that the land had been planted and prepared for irrigation. It appears without dispute that after the execution of the contract the parties ascertained that the tenant had cultivated the farm and had planted beets and other crops. The tenant refused to deliver up possession without being compensated for the services rendered by him in preparing the soil, and in planting the crops for that year. Evidently some negotiations were had between the parties to the contract as to what arrangements should be made to obtain possession of the farm without further delay. In the meantime the defendant Holt had delivered the possession of the property located in Salt

Lake City to Mrs. Silver. As the result of the negotiations, the plaintiff and plaintiff's assignor, Laura C. Silver, executed a promissory note payable to the tenant for the sum of $500, which note was afterwards paid. It is the contention of plaintiff, and the third cause of action is based upon that claim, that the defendant promised and agreed to pay $300 of this amount. The defendant denied any such promise and claims 'if any such promise was made it was without consideration and not binding. This last claim is based on the theory that by the terms of the contract of April 29th it was the duty of Mrs. Silver to deliver possession of the property to the defendant subject only to the taxes for that year.

The court, among other things, found that the defendant promised to pay the $300 to Laura C. Silver and that the consideration for such promise was certain crops which had been planted by the tenant of said Laura C. Silver on the farm in question; that no part of said amount had been paid; and that the account had been assigned by Laura C. Silver to the plaintiff for a valuable consideration. The testimony is somewhat indefinite as to the promise made on the part of the defendant. An examination of the record, however, convinces us that there is some substantial testimony in the record to support the finding that the defendant promised to pay the amount to the assignor of plaintiff. It is without dispute that, when the defendant attempted to take possession of the farm, the tenant refused possession until some arrangement was made to compensate him for his work and the expense of planting the crops for that season. It is well to remember that both parties to the contract were ignorant of the fact that the tenant had prepared the ground and planted crops. It is the testimony of plaintiff that some time prior to the date of the contract he, together with the defendant, visited the farm, examined it, located its boundaries, and at that time no planting had been done. The same witness also testified that he advised the tenant on that date not to prepare the soil or plant any crops, as it was contemplated that the land would be sold. Under such facts, it is the contention of defendant, appellant here, that there was no consideration

for the promise, if any was made. It is well to state here that
the plaintiff in this action is a brother-in-law of Laura C.
Silver and acted for her and in her behalf largely in the nego-
tiations between the parties.

Numerous authorities are cited by the defendant to the
effect that a parol reservation of growing crops by the grantor
in a deed is inadmissible as tending to vary the terms of a
written contract; that, under the terms of the written con-
tract made between the parties in this case, Mrs. Silver was
legally obligated to deliver possession of the farm, to defend-
ant without further consideration; that therefore there was
no consideration for the alleged promise, if any was made.
The authorities cited are not, in our judgment, applicable or
controlling under the facts in this case. The rule of law
which should control (and that was evidently the view of the
trial court) is stated in a note to *Russell* v. *Lambert*, L. R. A.
1915B, 44, as follows:

"If, in the course of performing a contract, unexpected obstacles
are encountered or new conditions arise that the parties could have
neither contemplated nor reasonably foreseen, making the perform-
ance more onerous or less advantageous than was anticipated, and
requiring, equitably at least, a readjustment of the contractual re-
lations, a subsequent agreement of the parties providing that he
who is called upon to meet the new obligations shall be correspond-
ingly compensated by an increase of remuneration or a decrease of
outlay is generally deemed to be supported by sufficient considera-
tion.

"The case is then one to which the general principle that a
promise to pay something for what the recipient of the promise is
bound to do already by contract is nudum pactum does not apply."

Among other authorities cited in the annotations are:
*Galveston* v. *Galveston City R. Co.*, 46 Tex. 435; *John King
Co.* v. *Louisville & N. R. Co.*, 131 Ky. 46, 114 S. W. 308;
*Prye* v. *Kalbaugh*, 34 Utah, 306, 97 Pac. 331.

It is apparent that the parties, in attempting to carry out
the written agreement of April 29th, encountered a situation
which was not in contemplation of either party at the time
of making the contract, and in order to carry into effect the
former agreement some additional arrangement was found
necessary, and in meeting that new condition this promise

was made. The record is not entirely satisfactory as to just what the intent of the parties was, but we are of the opinion that the record contains some substantial evidence to support the court's finding above referred to.

It follows that the judgment of the district court should be affirmed. Such is the order, with costs to plaintiff.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.