[No. 15594.   Department Two.—December 3, 1894.]

# W. T. OLMSTEAD, RESPONDENT, *v.* A. C. DAUPHINY ET AL., APPELLANTS.

PARTNERSHIP—CHANGE OF FIRM—ASSUMPTION OF DEBTS—MISTAKE IN ACCOUNT.—Where a partnership is changed, and the new firm assumes the debts and liabilities of the old firm, the new firm takes the debts *cum onere*, and, if the credits turn out to be in excess of their supposed value, the new firm is entitled to the excess, and if the debts are larger than is supposed, by reason of a mistake in the account, the new firm must bear the burden.

ID.—APPEAL—REVIEW OF EVIDENCE.—Where the court below and the jury were satisfied with a verdict finding that the new firm assumed the debts and liabilities of the old firm the verdict will be sustained upon appeal, although the evidence is not very clear and satisfactory as to whether the real balance of the debts was assumed, or only the balance appearing on the books.

ID.—RECOVERY OF MONEY PAID BY MISTAKE—PLEADING—JOINDER OF CAUSES OF ACTION—CONTRACTS.—A cause of action to recover back money paid by mistake of fact rests upon an implied contract, and may be joined with a cause of action upon an express contract for the recovery of rent upon premises leased.

ID.—CONCURRENT JURISDICTION OF LAW AND EQUITY—LEGAL CAUSE OF ACTION.—An action to recover back money paid upon mistake of fact is one in which courts of law and equity had concurrent jurisdiction, and the primary right and the remedy, where it seeks only to recover the money thus paid, is cognizable in a court of law, and is a legal cause of action.

ID.—STATUTE OF LIMITATIONS—MUTUAL, OPEN, AND CURRENT ACCOUNT—DISCOVERY OF MISTAKE.—An action to recover money paid upon a mistake of fact, where the payment was upon a mutual, open, and current account, with reciprocal demands between the parties up to within two years of the time when the action was brought, and where it

appears that the mistake upon which the action was predicated was shown to have been discovered within one year next before the action was brought, is not barred by the statute of limitations.

Id.—Submission of Special Issues to Jury—Discretion.—In an action for the recovery of money only it is optional with the court to submit or refuse to submit particular questions of fact to the jury; and error cannot be maintained in respect to the extent of the exercise of the power left in the discretion of the court, without a clear showing of the abuse of such discretion.

Appeal from a judgment of the Superior Court of Humboldt County and from an order denying a new trial.

The facts are stated in the opinion.

*Ford & Burnell,* for Appellants.

There was a misjoinder of causes of action. The first count is a cause of action founded on negligence, error, or mistake of the defendants' vendors, and is united in the same complaint with a cause of action in the second count founded upon an express contract for money due plaintiff from defendants. (*Benton* v. *Winner,* 23 N. Y. Supp. 413; Code Civ. Proc., sec. 427; *Cherokee Nation* v. *Southern Kan. Ry. Co.,* 135 U. S. 641; *Smith* v. *State,* 66 Md. 215; *Thelin* v. *Stewart,* 100 Cal. 372; *Reynolds* v. *Lincoln,* 71 Cal. 188; *Stark* v. *Wellman,* 96 Cal. 400; *Cosgrove* v. *Fisk,* 90 Cal. 75; *Wiles* v. *Suydam,* 64 N. Y. 178; *Henderson* v. *Boyd,* 85 Tenn. 21; *Hodges* v. *Wilmington etc. Ry. Co.,* 105 N. C. 170; *Keep* v. *Kaufman,* 56 N. Y. 332; *Stewart* v. *Gordon,* 65 Tex. 344; *Anderson* v. *Case,* 28 Wis. 505; *Wirth* v. *Bartell,* 84 Wis. 209; *Hart* v. *Metropolitan El. R. Co.,* 7 N. Y. Supp. 753; *Stewart* v. *Huntington,* 2 N. Y. Supp. 205; *McCrummen* v. *Campbell,* 82 Ala. 566.) The account set forth in the complaint is not an account stated, as the plaintiff never agreed to the balance. (*Auzerais* v. *Naglee,* 74 Cal. 63; *White* v. *Campbell,* 25 Mich. 469; *Volkening* v. *De Graaf,* 81 N. Y. 268; Abbott's Law Dictionary, 12; *Bussey* v. *Gant,* 10 Humph. 238; *Spangler* v. *Spangler,* 22 Pa. St. 454.) An incoming partner is not liable for the debts, errors, or mistakes of the old firm existing previous to

the transaction by which he came into partnership. (Bates on Partnership, sec. 482; *Twyford* v. *Trail,* 7 Sim. 92; *Scott* v. *Kent,* 54 N. Y. Supp. Ct. 257; *Newhall* v. *Wyatt,* 22 N. Y. Supp. 828; *Wheat* v. *Rice,* 97 N. Y. 296; *Smith* v. *Millard,* 77 Cal. 440; *First Nat. Bank* v. *Simmons,* 98 Cal. 287; *Gauss* v. *Hobbs,* 18 Kan. 500; *Shafer's Appeal,* 99 Pa. St. 246; *Kountz* v. *Holthouse,* 85 Pa. St. 236; *Adkins* v. *Arthur,* 33 Tex. 431; *Sternburg* v. *Callanan,* 14 Iowa, 251; *Parmalee* v. *Wiggenhorn,* 6 Neb. 322; *Wright* v. *Brosseau,* 73 Ill. 381; *Sloan* v. *Van Wyck,* 47 Barb. 634; Parsons on Partnership, 151; Story on Partnership, secs. 146, 153; Lindley on Partnership, 390; *Serviss* v. *McDonnell,* 107 N. Y. 260; *Morss* v. *Gleason,* 64 N. Y. 206; *Butler* v. *Henry,* 48 Ark. 551; *Englar* v. *Offutt,* 70 Md. 78; 14 Am. St. Rep. 332.)

*E. W. Wilson,* for Respondent.

The two causes of action united in the complaint arose out of a contract and therefore were properly united. (Code Civ. Proc., sec. 427; *More* v. *Massini,* 32 Cal. 590; *Cowan* v. *Abbott,* 92 Cal. 100; *Hendy* v. *March,* 75 Cal. 566; *Auzerais* v. *Naglee,* 74 Cal. 63.) The account between the parties was an account stated, as no objection was made to it except as to one of the items, which was finally adjusted. (*Green* v. *Thornton,* 96 Cal. 71; *Terry* v. *Sickles,* 13 Cal. 430; *Auzerais* v. *Naglee,* 74 Cal. 63; *Hendy* v. *March,* 75 Cal. 566; *Tuggle* v. *Minor,* 76 Cal. 100.) The mere fact that the account included debts due to or from former firms cannot in the least affect the account. (*Carey* v. *Philadelphia etc. Petroleum Co.,* 33 Cal. 697; *Hendy* v. *March,* 75 Cal. 568.)

SEARLS, C.—This action is brought to recover the sum of $1,362.46, as follows: $140 for rent upon certain premises leased, concerning which there is practically no controversy, and the further sum of $1,222.46, for money averred to have been paid by plaintiff to defendants under a mistake upon an account stated.

Plaintiff had a verdict for $720, upon which judgment

was entered. The appeal is from the judgment and from an order denying defendant's motion for a new trial.

It appears from the pleadings and evidence that on or about January 1, 1892, the defendants rendered to plaintiff an account in writing, showing a balance due from the latter to the former, which account and balance was acquiesced in by the plaintiff, except as to some items due him on account of the rent of a building leased by him to defendants. These items were adjusted, and a balance of $528.81 appearing due from plaintiff was by him paid to defendants.

Plaintiff subsequently discovered that defendants had failed to credit him with certain checks paid by him to them, and brought this action to recover therefor.

The evidence showed beyond reasonable doubt that a draft dated January 22, 1890, on, etc., for $40, and one of June 15, 1890, for $540, were received from plaintiff and no credit given therefor.

These amounts, with $140 due on account of rent, make up the amount of the verdict. The only question of any importance in the case relates to the liability of the firm of A. C. Dauphiny &.Co., composed of defendants, for the amount of these checks.

In 1890, when such checks were paid in by plaintiff, the firm was that of Dauphiny Brothers. On January 1, 1891, G. A. Dauphiny, one of the members of the firm of Dauphiny Brothers, sold his interest in said firm to the defendant P. McAleenan, who thereupon formed a copartnership with the other defendant herein, under the firm name of A. C. Dauphiny & Co., and said firm have since said date carried on the business of merchandising at Eureka, Humboldt county, theretofore conducted by their predecessors.

The vital question at the trial was, Did the new firm assume the debts and liabilities of the old firm of Dauphiny Brothers? In addition to finding a general verdict certain special issues were submitted to the jury, upon which they were instructed to find, and upon the

above question of the assumption of such liabilities the finding was in the affirmative. This finding is assailed as being unsupported by the evidence.

It must be conceded that the evidence is not very clear, and not entirely satisfactory.

That defendant McAleenan purchased the interest of G. A. Dauphiny in the old firm of Dauphiny Brothers, and agreed to assume the liabilities of that firm, is abundantly established.

The contention is that the assets and liabilities of the old firm were marshaled, the amount of each determined, the former purchased and the latter assumed; that, as the mistake in plaintiff's account did not appear on the books, it was not assumed by defendants. As a general rule one who purchases credits, and, as a part of the consideration, assumes debts, takes them *cum onere*. If the credits turn out to be in excess of their supposed value the purchaser is entitled to the excess, and, if the debts are larger than is supposed, he must bear the burden.

There is some evidence tending to show that that is just what the parties did here. The defendants and the firm of which they are the successors constituted a family consisting of a father, his two sons, and the brother-in-law of one, at least, of the latter.

The accounts as rendered and in evidence tend to show that, upon a dissolution of the former firm and organization of the latter, no change was made in the account of plaintiff, but it was carried forward without a rest or striking a balance, precisely as though no change had occurred in the *personnel* of the firm. The jury evidently thought that the theory that defendant McAleenan bought the assets and assumed the liabilities of his vendor, but did not agree to assume the real balance due plaintiff, was an afterthought, and there is some reason for such an assumption.

There was a deduction made in favor of defendant McAleenan from the book accounts of over $1,000 for what is termed " contingencies," which is not explained, and which the jury may have supposed was intended to

meet just such emergencies as that presented by this case. Upon the whole it is concluded that, as the court below and jury were satisfied with the verdict, it should not be disturbed here.

The demurrer to the complaint was properly overruled, and the motion for a nonsuit properly denied. The contention that there was a misjoinder of causes of action, one cognizable in a court of law and the other in a court of equity, cannot be maintained.

"The plaintiff may unite several causes of action in the same complaint where they all arise out of: 1. Contracts, express or implied." (Code Civ. Proc., sec. 427.)

Each of the causes of action set out in the complaint arose upon contract; the one upon an express, and the other upon an *implied*, contract.

Again, an action to recover back money paid upon a mistake of fact is one in which courts of law and equity had concurrent jurisdiction. The primary right and the remedy, where it seeks only to recover the money thus paid, are as certainly cognizable in a court of law as in an action upon a *quantum valebat* for goods, wares, and merchandise sold and delivered, or a *quantum meruit* for services rendered, etc.

Had the right to recover depended, not upon the violation of a primary right recognized by the law, but only in equity, or if for the violation of a legal right, the remedy sought had been such as a court of equity only could give, it would be proper to denominate it an equitable action, but nothing of the kind is claimed here. The causes of action are both legal and not equitable.

The statute of limitations was not properly invoked. The account between the parties was a "mutual, open, and current account," with reciprocal demands between the parties, up to within two years of the time when the action was brought, and the mistake upon which the action is predicated was shown to have been discovered within one year next before suit brought.

At the trial, the court submitted to the jury certain

special issues upon which it required said jury to find in addition to a general verdict, which was done.

Counsel for defendants requested the court to submit certain other special issues, which it refused, and such refusal is assigned as error.

This was an action for the recovery of money only, and, under section 625 of the Code of Civil Procedure, it was optional with the court to submit, or refuse to submit, particular questions of fact to the jury. The exercise of the power and the extent of its exercise are left to the discretion of the court, and error cannot be maintained without at least a clear showing of the abuse of such discretion, which does not appear in the present instance.

Objections were made by counsel for appellants to the giving of certain instructions asked by plaintiff, to the refusal of the court to give instructions asked by defendants, and to the modification of others of defendants' instructions.

The errors predicated upon these several rulings are noticed in appellants' brief, but are not argued at length.

To demonstrate the propriety of the action of the court below in the premises would involve the necessity of setting out all of the instructions given, refused, and modified, the effect of which would be to extend this opinion to great length, and, as the questions present no principle of importance, except to a disposition of the case in hand, we shall content ourselves by saying that the instructions given by the court at the request of the parties presented the law of the case fully, clearly, and fairly, and that those refused were either presented more clearly in those given, or were inapplicable as applied to the facts in the case. The objections to evidence are unimportant.

Upon a review of the whole case no error is discovered calling for a reversal, and the judgment and order appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.

Hearing in Bank denied.