[Civ. No. 2028.   Third Appellate District.—December 1, 1919.]

## MARK FIRTH, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

[1] EVIDENCE — CONTRADICTORY STATEMENTS — FINDINGS — APPEAL.— The presumption on appeal is that, where a witness' testimony at the trial is itself contradictory and inconsistent, and the verdict or a vital finding is in accord with facts testified to by him, and his is the only testimony from which facts supporting such verdict or finding are derived, the trier of the facts has found some reasonable or legal excuse for the inconsistency and has justification for concluding that, upon the whole, such witness has told the truth about the matter; and where in such a case the story of the witness, viewed as a whole, is not of a character to justify a reviewing court in declaring that it should have been rejected in its entirety because it was unworthy of belief, the conclusion of the trial court or jury as to its probative value is conclusive.

[2] ID.—EFFECT OF—EXISTENCE OF GROUND FOR HONEST DIFFERENCE OF OPINION—QUESTION OF FACT FOR COURT OR JURY.—Where an honest difference of opinion between men of average intelligence can arise as to the effect of the evidence—that is, if the evidence is such that different conclusions upon the matter can rationally be drawn therefrom—the case presented is one for the jury, or the court, if the questions of fact be submitted to its arbitrament.

APPEAL from a judgment of the Superior Court of Shasta County. J. E. Barber, Judge. Affirmed.

The facts are stated in the opinion of the court.

George R. Freeman and Frank Freeman for Appellant.

Jesse W. Carter and L. C. Smith for Respondent.

HART, J.—Plaintiff sued for one thousand two hundred dollars damages received by his automobile in a collision with one of defendant's cars. The case was tried before the court, sitting without a jury, findings and judgment were in favor of plaintiff for six hundred dollars and the appeal is by defendant from said judgment.

The accident occurred at a street crossing in the city of Redding, where four railroad tracks are maintained by defendant. From east to west the tracks are: The main line, the passing or switch-track, the house-track, and a spur-

track. Plaintiff, who was at the time of the accident, fifty-five or fifty-six years of age, resided on the west side of the tracks, his place of business being east thereof. A short time before 8 o'clock in the evening of October 18, 1917, he started in an automobile from his home to his store, traveling on Shasta Street. He testified: "Before I left home I heard a train bell ringing, which we generally do; it was switching; and I came to the track, within forty or fifty feet, and I looked up the track, and the engine was standing on the house-track near the bridge. I could see a trainman with a light. He was turning the switch for the engine to go north, as I thought." There were three box-cars on the passing-track north of Shasta Street, one of them projecting slightly into the street. On the switch-track there was a car projecting nearly halfway into the street from the south. The engine was about a block north of Shasta Street, on the house-track, and its bell was ringing. The witness said it was twilight, that the lights on his automobile were lit, and there was a street light on the west side of the track; that he approached the track at a rate of between ten and fifteen miles an hour; that when he got to a point forty or fifty feet west of the main-line track he stopped "deadstill." He then started up and was crossing the tracks at a rate of about five miles an hour. When he reached the passing-track he saw two or three cars standing north of Shasta Street; he also saw the car standing on the spur-track, and had to go a little to the north to get through. When he reached the house-track there was a freight-car coming from the north with no light and no person on it that he could see. The car struck his automobile, badly damaging it.

The deposition of W. I. Snook was read. He was night watchman for the Chico Construction Company, and witnessed the accident. He corroborated the testimony of the plaintiff as to the fact that he stopped before reaching the tracks, and said that he was traveling across the tracks at about six miles an hour. An automobile expert was called as a witness and fixed the damage to plaintiff's car at about six hundred dollars, and plaintiff rested his case.

Thereupon, defendant moved for a nonsuit on the ground "that the accident occurred solely and absolutely by reason of plaintiff's own negligence and carelessness." The motion was denied. The division engineer of the Shasta division

of the defendant company was called as a witness for defendant and explained a map, which was introduced in evidence, showing the conditions at the scene of the accident. A witness also gave testimony for the defendant to the effect that the damage to plaintiff's car amounted approximately to five hundred dollars, and thereupon defendant rested its case.

The only point made here is that the evidence does not support the finding that the defendant was guilty of the negligence proximately causing the damage complained of, it being the contention that the plaintiff was himself guilty of contributory negligence without which the accident could not and would not have occurred. We cannot say, as a matter of law, that the evidence does not support the findings.

It was shown that the plaintiff approached the railroad tracks at a reasonable rate of speed, and that, before attempting to make the crossing, he stopped, looked, and listened; that he heard a locomotive bell ringing and that he thereupon "looked up" the track and saw the engine, which was then about a block north of the street (Shasta) on which he was traveling, and a switchman with a light, engaged in turning a switch. It was twilight, the lights on his automobile were lit, and there was a street light on the west side of the street. Under all these circumstances, he conceived it to be safe to make the crossing and started to do so, but had not proceeded far before he saw a freight-car, with no lights and no one that he could see on it, moving toward where he was on the track and approximately six feet from him. He was driving across the tracks at a very low rate of speed and cautiously, so as to avoid a mishap, but the freight-car came along so suddenly and unexpectedly that he had no time to get out of its way. No warning signal of the approach of the car was heard by the plaintiff. His view of the tracks to the north was more or less obstructed by box-cars standing on the different tracks. He testified that when he was in the act of crossing the tracks he looked ahead and also to the north and the south, and saw no car or engine moving except the car with which his automobile collided. He further stated that, when using his eye-glasses, which he then had on, he could see a considerable distance up and down the track.

It is true that, on cross-examination, when asked if he did not keep his eyes ahead of him all the time he was in the act of crossing the tracks and if he did not then fail to look to the north or the south, his answers do not appear to involve a clear and unequivocal statement that he looked both to the north and to the south, but he did say that he looked ahead and "on all sides," from which it was proper to infer that he looked to the north and to the south. At any rate, as shown above, he did testify on direct that he looked to the north and to the south as he was crossing the tracks, and if his testimony on cross-examination was made to appear not as strong or definite or clear as to that matter as did his testimony in chief, it was for the court to consider and determine how far, if at all, such cross-examination tended to weaken his direct testimony. **[1]** The presumption on appeal is that, where a witness' testimony at the trial is itself contradictory and inconsistent, and the verdict or a vital finding is in accord with facts testified to by him, and his is the only testimony from which facts supporting such verdict or finding are derived, the trier of the facts has found some reasonable or legal excuse for the inconsistency and has justification for concluding that, upon the whole, such witness has told the truth about the matter; and where in such a case the story of the witness, viewed as a whole, is not of a character to justify a reviewing court in declaring that it should have been rejected in its entirety because it was unworthy of being believed, the conclusion of the trial court or jury as to its probative value is conclusive. On the whole, testimony of the plaintiff and that of the deponent, Snooks, corroborating it in all important or vital particulars, the trial court could well have found, as it did find, that it was the negligence of the defendant that was the sole and direct cause of the collision and the damage following therefrom. **[2]** The rule in such cases as this is that where an honest difference of opinion between men of average intelligence can arise as to the effect of the evidence— that is, if the evidence is such as that different conclusions upon the matter can rationally be drawn therefrom—then the case presented is one for the jury, or the court, if the questions of fact be submitted to its arbitrament. The case here, we are persuaded to believe, after a careful examination of the evidence, comes within that rule.

Appellant cites as supporting its position a number of cases, among which are the following: *Murray* v. *Southern Pacific Co.*, 177 Cal. 1, [169 Pac. 675]; *Blackburn* v. *Southern Pacific Co.*, 34 Or. 215, [55 Pac. 225]; *Thompson* v. *Southern Pacific Co.*, 31 Cal. App. 567, [161 Pac. 21]; *Griffin* v. *San Pedro R. Co.*, 170 Cal. 772, [L. R. A. 1916A, 842, 151 Pac. 282]; *Herbert* v. *Southern Pacific Co.*, 121 Cal. 227, [53 Pac. 651]. We will not make the attempt, or is it necessary to do so, to review herein those cases or the other cases cited by appellant. It is sufficient to say that an examination of them will show, as thus we have been convinced, that the evidence in those cases brought to light a very much different state of facts from that with which the record herein confronts us. In those cases, or most of them, the evidence was not such as to afford grounds for an honest difference of opinion between intelligent men as to its effect, and thus whether the ultimate fact in dispute was sufficiently supported by the evidence became a question of law for the court and not one of fact for the jury to decide.

We perceive from the record before us no just reason for holding that the decision herein of the court below is not sufficiently buttressed by the proofs, and the judgment is, accordingly, affirmed.

Ellison, P. J., *pro tem.*, and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 29, 1920.

All the Justices concurred, except Kerrigan, J., *pro tem.*, who was absent.