[Civ. No. 2577. Third Appellate District.—March 14, 1923.]

JOHN RADICH, Respondent, v. MIKE GAK, Appellant.

[1] EVIDENCE—FINDINGS—MONEY LOANED—CORROBORATION.—In an action to recover a balance due on a loan made by plaintiff to defendant, it is not necessary that the testimony of plaintiff be corroborated to justify a finding in his favor; and where, as in this case, the testimony of the plaintiff, which was corroborated by his brother, is not inherently improbable and is sufficient to support the finding in plaintiff's favor, the appellate court cannot interfere with that finding.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Affirmed.

The facts are stated in the opinion of the court.

Peter J. Wilkie and Donald McKisick for Appellant.

Evan J. Hughes for Respondent.

BURNETT, J.—The action was brought to recover the sum of $560, the balance due, according to the claim of plaintiff, on the loan of $810 which he had made to defendant. The judgment was in favor of plaintiff for the sum of $560 and the appeal is from said judgment. [1] The only point made is that the evidence is insufficient to support the finding of the court "That at various times between the first day of January, 1920, and the first day of April, 1920, the defendant became indebted to the plaintiff in the sum of $810 on account loaned by the plaintiff to the defendant." Strange to say, however, appellant admits that as to this material finding there is a conflict in the evidence. Appellant seems to be of the opinion that this court must hold that it was necessary for the testimony of the plaintiff to be corroborated in order to justify the finding. Of course such contention is utterly untenable. The proposition is so elementary and well established that appellate courts cannot interfere with the finding of the trial court if it is supported by the testimony of one witness unless such testimony appears inherently improbable that the citation of authority is not needed. The only exception to the rule, manifestly,

is in the criminal case of perjury and of treason wherein the testimony of two witnesses or of one witness and corroborating circumstances must be shown. (Sec. 1844, Code Civ. Proc.)

To show that the testimony of plaintiff is abundantly sufficient to support the said finding of the trial court we may quote from his testimony, shown by the record as follows:

"That he, witness, and his brother, Nick, and his uncle, Jos. Widowich, were partners, and had rented a ranch, near Mather Field, in the county of Sacramento, state of California, that some time in the month of January, 1920, the defendant, Mike Gak, came to witness, in the said county of Sacramento, and that said Gak stated to witness that he, Gak, was without funds, that he had been in trouble in the state of Oregon, and that he had been compelled to leave there; that he, Gak, had requested witness to permit him, said Gak, to come on to the ranch of witness, and stay with witness, until he, Gak, could find something to do, and that when he got work he would then pay witness for his board and lodgings.

"Plaintiff and defendant are Slavonians, and had known each other before coming to the United States.

"That witness granted defendant's request, and let defendant stay and board with witness.

"That upon various occasions, between the latter part of January, 1920, and the first day of April, 1920, witness loaned to said defendant various sums of money; the dates and amounts of each being specified by witness, the whole of said loans amounting to $810, and which sums, witness testified, defendant had personally received from witness.

"That the largest of said loans, so made, was as follows, on or about the fifth day of March, 1920, in the house, on the aforesaid ranch, in the presence of 'Nick Radich.' Defendant had requested that witness loan to him, said Gak, the sum of $500. Said Gak explaining to witness, that he, Gak, wanted to purchase an automobile with which to start in business; whereupon, witness, asked 'Nick Radich,' his brother, and partner, to get said sum of $500; that while witness and defendant remained in the house, Nick Radich procured said sum of $500 from a can, which was hidden in the barn, and gave said money to witness, that witness then

gave to said Gak the sum of $500, and loaned said sum to said defendant at the request of said defendant.

"That no payments have been made on said loans, except the sum of $250."

We may add that there was even corroboration of this by plaintiff's brother and the testimony of defendant to the contrary was greatly discredited by his cross-examination.

The case involving not the least shadow of a disputable proposition should never have been appealed.

The judgment is affirmed.

Finch, P. J., and Hart, J., concurred.