This is an action for divorce involving a settlement of the rights of the parties in real property. The trial court in its interlocutory decree of divorce decreed that respondent was entitled to a divorce on the ground of extreme cruelty and disposed of various interests in the properties. While the appeal is taken from the entire interlocutory decree, the only issue presented here and which it is necessary for us to consider is stated in appellant's reply brief as follows: "It is agreed that there is but one question for determination by this court upon this appeal. This single question is whether or not all the evidence contained in the record is sufficient, as a matter of law, to sustain the finding of the trial court that plaintiff is the sole and separate owner of certain real estate described as the south half of the southeast quarter of section 31, in township 30 south, range 28 east, in Kern county. Against this finding of the court there is the plain and unequivocal testimony of the appellant, supported by the testimony of other witnesses, and a long chain of facts and circumstances. These facts and circumstances, with other corroborating testimony, amount almost to a demonstration of the truth of appellant's story. If this story is true the finding of the court must fall." It is admitted that the property was owned by respondent prior to her marriage with appellant.
[1] The respondent testified positively that the real property in question was owned by her as her sole and separate property before her marriage to appellant; that she had never executed and delivered any instrument conveying any interest in this property to her husband; that she had never made any agreement of any kind with him the effect of which would be to transmute any portion of the property into community property. The record contains no writing of any kind purporting to convey any interest in the property to appellant or to transmute any portion of it to community property. The testimony of respondent furnished competent and material evidence supporting the questioned finding. (Sec. 1844, Code Civ. Proc.; Radich v.Gak, 61 Cal.App. 375 [214 P. 1000].) Where a finding of the trial court is supported by competent and material evidence *Page 220 
it cannot be set aside on appeal because of a conflict in the evidence. This is true where the evidence supporting the finding and judgment consists solely of the testimony of the plaintiff in the action. (Radich v. Gak, supra.)
[2] Appellant maintains that the conduct of the parties after marriage and before their separation, and legal instruments executed by them, support his testimony wherein he maintained that, by a parol agreement, his wife's separate property was transmuted to community property and that these documents so contradict the evidence of respondent as to render it inherently improbable and so unworthy of belief that it becomes necessary for us to reject all of it. It is true that the conduct of the parties and the instruments signed by them tend to support the theory of appellant in this case. It is also true that some of the reasonable inferences to be drawn from this same evidence tends to support the testimony of respondent. At best the evidence we are now considering amounted to circumstantial evidence, in part supporting the other evidence of appellant, and in part supporting the testimony of respondent, and amounted to a conflict in the evidence which was addressed to the trial judge and which he resolved against appellant. We cannot conclude that the testimony of respondent was so inherently improbable that we must reject it. After studying the record we have concluded that it must be regarded as true in its major particulars. The following quotation from Firth v. Southern Pac. Co., 44 Cal.App. 511
[186 P. 815, 816], is pertinent: "The presumption on appeal is that, where a witness' testimony at the trial is itself contradictory and inconsistent, and the verdict or a vital finding is in accord with facts testified to by him, and his is the only testimony from which facts supporting such verdict or finding are derived, the trier of the facts has found some reasonable or legal excuse for the inconsistency and has justification for concluding that, upon the whole, such witness has told the truth about the matter; and where in such a case the story of the witness, viewed as a whole, is not of a character to justify a reviewing court in declaring that it should have been rejected in its entirety because it was unworthy of being believed, the conclusion of the trial court or jury as to its probative value is conclusive. On the whole testimony of the plaintiff and that of the deponent, Snooks, *Page 221 
corroborating it in all important or vital particulars, the trial court could well have found, as it did find, that it was the negligence of the defendant that was the sole and direct cause of the collision and the damage following therefrom. The rule in such cases as this is that where an honest difference of opinion between men of average intelligence can arise as to the effect of the evidence — that is, if the evidence is such as that different conclusions upon the matter can rationally be drawn therefrom — then the case presented is one for the jury, or the court, if the questions of fact be submitted to its arbitrament. The case here, we are persuaded to believe, after a careful examination of the evidence, comes within that rule."
Judgment affirmed.
Barnard, P.J., and Jennings, J., concurred.
A petition for a rehearing of this cause was denied by the District Court of Appeal on April 21, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 26, 1932.