[Crim. No. 3911.   Second Dist., Div. Two.   Oct. 11, 1945.]

THE PEOPLE, Respondent, v. KENNETH W. MOULTON, Appellant.

Crispus A. Wright for Appellant.

Robert W. Kenny, Attorney General, and Carl S. Kegley, Deputy Attorney General, for Respondent.

FOX, J. pro tem.—From a judgment of conviction of robbery in the second degree and from the order denying his motion for a new trial defendant appeals.

From the implied findings, supported by the testimony of the complaining witness, one Harlan Smith, it appears that the latter who was a sailor in company with a soldier and two girls met defendant on May 31, 1944, at about one o'clock in the morning on Central Avenue between 42d and 43d Streets in the city of Los Angeles. The party of four had just emerged from a night club. Standing nearby, defendant inquired of Smith whether he "wanted to buy a quart." Following the latter's affirmative reply all five crossed the street to defendant's automobile which stood in a parking lot behind a filling station, and procured the liquor which Smith paid for.

In quest of a place to drink they repaired to a hotel in defendant's car and rented a room. Smith paid for the transportation. After a brief visit, defendant departed and was not invited by Smith to return. He came back, however, at about the time the quart had been consumed. The soldier having succumbed to the narcotic influence of the beverage remained, but Smith, his female companions and defendant drove away in the latter's automobile. After the girls had disembarked at 42d Street, defendant drove to the dead end

of the street where, after Smith had alighted, a conversation ensued. Defendant demanded payment of $2.00. When Smith countered with the inquiry why he owed that sum defendant knocked him down, kicked him and searched his empty pockets. He then turned Smith on his side, removed his billfold which was suspended at the top of his pants, took from it $9.00 and threw the billfold to the ground. Smith arose and without attempting to retrieve his wallet grabbed a stick, drove away his assailant and pursued him across a vacant lot and down the street. On returning to defendant's automobile Smith removed its keys. Defendant thereupon returned and attempted to engage Smith in conversation, whereupon the police arrived and took defendant into custody.

The insufficiency of the evidence to support the judgment of conviction is the only point raised on this appeal. There is no merit in the point. The recited facts, together with the inferences which the jury could reasonably draw therefrom, are the substance of Smith's testimony and furnish ample support for the judgment.

The defendant takes the position that Smith owed him $2.00 for bringing him and the two girls back to 42d Street from the hotel and that he took no more than that amount from Smith, and that no *animus furandi* was shown. These were questions of fact for the determination of the jury and its implied finding adverse to defendant will not be disturbed on appeal since there is substantial evidentiary support therefor. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].)

Defendant draws attention to certain alleged conflicts in the testimony of Smith. Conflicts in the evidence are, of course, to be resolved by the jury. This rule also applies to conflicts and inconsistencies in the testimony of an individual witness. (*Firth* v. *Southern Pac. Co.,* 44 Cal.App. 511, 514 [186 P. 815] ; *Weintraub* v. *Soronow,* 115 Cal.App. 145, 150 [1 P.2d 28] ; *Showalter* v. *Western Pac. R. R. Co.,* 16 Cal.2d 460, 479 [106 P.2d 895].)

The judgment and order are affirmed.

Moore, P. J., and Wilson, J., concurred.