[Civ. No. 19712. Second Dist., Div. Two. Oct. 19, 1954.]

JUDITH KELLY HOWARD, Appellant, v. LINDSAY
COLEMAN HOWARD, Respondent.

Edward M. Raskin for Appellant.

Neil S. McCarthy and Franklin W. Peck for Respondent.

McCOMB, J.—Plaintiff appeals from portions of an interlocutory decree of divorce granted to her upon the grounds of (1) extreme cruelty and (2) habitual intemperance.

Questions: First: *Was there substantial evidence to sustain the findings of the trial court reading as follows:*

"7. That it is true that plaintiff owns and possesses as her separate property jewelry consisting of diamonds, rubies,

rings, and bracelets, acquired by plaintiff as gifts from defendant LINDSAY COLEMAN HOWARD during the marriage of the parties, of great value, to wit:

a. One ring—plain platinum mounting, consisting of one pear-shaped diamond about 12 cts.

b. One necklace—pearl, platinum, and diamond clasp attached, 75 pearls, good grade, rose, 20 round diamonds in clasp.

c. One package of loose or unset stones, assorted, consisting of: 9 rubies about 4½ cts.; 5 sapphires about 1.75 cts.; 3 emerald cut diamonds about 1.10 cts.; 26 round diamonds about 5.25 cts.; 1 round diamond, fine quality, about 1½ cts.

d. One brooch—platinum—shape of dog, 105 round diamonds about .02 cts., 6 sapphires, 2 rubies.

"That the following assets are the sole and separate property of the defendant LINDSAY COLEMAN HOWARD: . . .

"14. All articles of jewelry acquired by said defendant either by probate sale from or decree of distribution in the estate of his mother, excepting the four articles hereinbefore described in Paragraph IX, Subparagraph 7, and further excepting the two items of jewelry inherited by Judith Linda Howard, a minor, from the estate of her grandmother, Fannie May Herscherr, deceased."

*Yes*: Plaintiff testified that defendant had made a gift to her of all of the jewelry listed under items a. to d., *supra*. This testimony constituted substantial evidence to sustain these findings of the trial court. Defendant denied giving any jewelry to plaintiff other than said pieces which were listed on defendant's Exhibit "B," a gift tax return for the year 1943. Hence, the evidence being substantial and supporting the findings of the trial judge, such findings are binding upon this court.

Plaintiff contends that the trial court's findings are not supported by the evidence for the reason that in his verified answer defendant alleged: "In this behalf, this defendant alleges that the plaintiff owns and possesses jewelry consisting of diamonds, rubies, rings and bracelets, heretofore given to her by this defendant, of a value in excess of $200,000.00 . . ."; that such allegation constituted an admission against interest which was binding upon the trial court.

■ This contention is devoid of merit for two reasons:

First, there is no allegation in the complaint relating to any jewelry. The only reference in the pleadings to jewelry is contained in the portion of the answer of the defendant set forth above. Therefore, the questioned allegation did not constitute an admission but was an affirmative allegation by

defendant in his answer which was deemed denied under the provisions of section 462 of the Code of Civil Procedure which reads, in part, as follows: ". . . the statement of any new matter in the answer in avoidance or constituting a defense or counterclaim, must, on the trial, be deemed controverted by the opposite party." This construction is in accord with the rule that where any doubt may be fairly said to exist as to the construction of an alleged admission in the pleading, the court will not construe it so as to deprive a party of his right to a contest of the alleged fact and to a determination of the existence or nonexistence of such fact after a full and fair hearing. (*Geimann* v. *Board of Police Comrs.*, 158 Cal. 748, 753 [112 P. 553].) The allegation set forth above merely raised an issue of fact as to the amount of jewelry which defendant had given to plaintiff, which the trial judge properly determined after hearing the evidence.

Second, plaintiff's counsel in his opening statement told the trial judge that there was an issue of fact as to whether or not the jewelry had been given by defendant to plaintiff.* It thus appears that the parties and the court proceeded throughout the trial upon the theory that an issue was presented for adjudication relative to the jewelry in question, and upon which the court made findings.

---

*In his opening statement plaintiff's counsel said:

"At this time I should like to make a brief opening statement *which will, for the purpose of the record, crystallize the issues that will be involved in this case.*

"Fourth *is the issue* of the separate property of the wife, *which we contend* she has, both in the form of gifts from the husband and gifts from other parties, such as Mr. Howard's mother, and also from purchases which she made during the course of her marriage.

"We *contend* that jewelry which is now in Mrs. Howard's possession, all of that she has in her possession, was a gift in the form of Christmas gifts, anniversary gifts, birthday gifts, given from time to time during the course of the marriage, all of the pieces which she has now in her possession. *We contend* that he made a gift of the Bel Air Country Club membership to her that he purchased for Mrs. Howard, and gave it to her as a birthday present; and I think that occurred on the date in January, 1950. He bought her golf clubs on Christmas 1949, and bought her membership in the late part of January for her birthday, which took place January 2, 1950. *We contend* that he made a gift to her of the furniture in storage that the parties have and have been paying storage on during the course of their marriage. We contend that she has separate property in the form of two automobiles, one is a 1950 Jaguar and the other is a 1951 Cadillac.

"*There seems to be some question and an issue raised as to some of the gifts. It is our contention that the issues that Mr. Howard raises now that he did not make those gifts to the plaintiff really places him in the category of what is commonly known as an Indian giver.*" (Emphasis added.)

■ Hence, the rule is applicable which Mr. Justice Spence aptly states in *Miller* v. *Peters*, 37 Cal.2d 89, 93 [230 P.2d 803], thus: "(2) It is settled law that where the parties and the court proceed throughout the trial upon a theory that a certain issue is presented for adjudication, both parties are thereafter estopped from claiming that no such issue was in controversy even though it was not actually raised by the pleadings. (14 Cal.Jur. § 62, p. 974; *Northwestern M. F. Assn.* v. *Pacific W. & S. Co.*, 187 Cal. 38, 40 [200 P. 934]; *Baar* v. *Smith*, 201 Cal. 87, 98-99 [255 P. 827]; *McAllister* v. *Union Indemnity Co.*, 2 Cal.2d 457, 460 [42 P.2d 305].) (3) *But such principle of estoppel operates only where it appears 'from the record on appeal . . . that the issue was actually and intentionally tried by the introduction of pertinent evidence, and that the party against whom the estoppel is invoked consciously participated or acquiesced in such trial as if the issue had been made by the pleadings. . . .'* (*Ortega* v. *Cordero*, 88 Cal. 221, 227 [26 P. 80]; see 2 Cal.Jur. § 69, p. 239, and cases there cited.)" (Emphasis added.)

■ ■ No useful purpose would be served by a further discussion of the evidence, the rule being established as stated by Mr. Justice Fox in *Peterson* v. *Peterson*, 74 Cal.App.2d 312, 318 [168 P.2d 474], thus: "(4) Before evidence can be disregarded as inherently improbable there must exist a physical impossibility of the evidence being true, or its falsity must be apparent without resort to inferences or deductions. (*Poe* v. *Lawrence* (1943), 60 Cal.App.2d 125 [140 P.2d 136]; *Collier* v. *Los Angeles Ry. Co.* (1943), 60 Cal.App.2d 169 [140 P.2d 206]; *Powell* v. *Powell* (1919), 40 Cal.App. 155 [180 P. 346].) The fact that testimony may disclose circumstances which are unusual is not sufficient to bring it within the rule (*Kidroski* v. *Anderson* (1940), 39 Cal.App.2d 602 [103 P.2d 1000]). (5) Plaintiff points to certain inconsistencies in the testimony of Mrs. Palmer as to who, if anyone, was present when she paid Mrs. Peterson the $2,000. These inconsistencies do not stamp her testimony as inherently improbable (*Jones* v. *Re-Mine Oil Co.* (1941), 47 Cal.App.2d 832 [119 P.2d 919]). (6) Conflicts in the evidence are, of course, to be resolved by the trier of facts. This rule also applies to conflicts and inconsistencies in the testimony of an individual witness. (*Showalter* v. *Western Pacific R.R. Co.* (1940), 16 Cal.2d 460, 479 [106 P.2d 895]; *People* v. *Moulton* (1945), 71 Cal.App.2d 195 [162 P.2d 317].) (7) The net result is that there is substantial evidentiary support for the challenged finding. Hence it will not be disturbed on appeal.

(*Crawford* v. *Southern Pac. Co.* (1935), 3 Cal.2d 427 [45 P.2d 183].) "

Second: *Did the trial court fail to make findings on all the material issues raised by the pleadings and evidence in connection with the jewelry claimed by plaintiff?*

*No.* ■ Plaintiff contended during the trial that defendant had made a gift to her of all the jewelry which he had acquired from the estate of his deceased mother. The trial court made a specific finding awarding to plaintiff as her sole and separate property four specifically described articles of jewelry which are referred to in subparagraph 7 of paragraph IX of the findings, which are set forth *in extenso, supra.* Thereafter the trial court found that the balance of such jewelry was the sole and separate property of defendant. These findings were complete and specific and fully disposed of the issues relative to the jewelry which were before the trial court.

In the conclusions of law the trial court said: "In aid of the decree made and entered pursuant to these Findings of Fact and Conclusions of Law, the Court orders the appointment of John L. Gershgorn and Norman Weinstein to identify said jewelry for distribution in accordance herewith." This designation did not, as contended by plaintiff, constitute an improper delegation of judicial responsibility. ■ Findings are sufficient if they can be made certain by reference to the record. (*Ethel D. Co.* v. *Industrial Acc. Com.,* 219 Cal. 699, 708 [8] [28 P.2d 919]; *Brown* v. *Gow,* 128 Cal.App. 671, 675 [6] [18 P.2d 377].) ■ Clearly by reference to the record in the instance case it was possible to readily ascertain the jewelry described in the findings and the appointment of the two gentlemen mentioned in the conclusions of law to assist in identifying the jewelry is perfectly proper, the findings of the court being specific on the subject.

Third: *Did the trial court err in determining that the Moorpark ranch was the separate property of defendant and in assigning it to him as such?*

*No.* The trial court found: "That it is true that there is community property belonging to plaintiff and defendant and that said property consists of the following: 1. An undefined and unsubstantial interest in that certain ranch located at Moorpark, California, of an indefinite, if not nominal value, which ranch stands in the name of defendant, Lindsay Coleman Howard."

The trial court also found "That the following assets are the sole and separate property of the defendant LINDSAY

COLEMAN HOWARD: . . . Substantially all of the title and interest in and to that certain ranch standing in the name of defendant LINDSAY COLEMAN HOWARD and located at Balcom Canyon Road, Moorpark, California.''

Predicated upon the foregoing findings, the court awarded to defendant ''An undefined and unsubstantial interest in that certain ranch located at Moorpark, California, of an indefinite, if not nominal value, which ranch stands in the name of defendant Lindsay Coleman Howard.''

There is no merit in plaintiff's contention that the court improperly found that the Moorpark ranch was the separate property of defendant. The trial court's finding that the Moorpark ranch was defendant's separate property was fully supported by the evidence. The court found: ''There is no other community property of said marriage. It is true that defendant Lindsay Coleman Howard has from time to time during the marriage earned and has been paid some salaries for services rendered, but the whole and every part thereof became and was entirely exhausted by applying the same toward the community expenses of the parties and no part of any such salary now exists as community property.'' It is obvious that if all the community funds of defendant had been exhausted by the community expenses of the parties none of the community funds were used to purchase the ranch and furthermore, defendant's brother testified that he loaned to defendant the $100,000 which was used to purchase the Moorpark ranch. ■ Since the money was loaned, according to the testimony of defendant's brother, solely upon defendant's credit, the loan was the separate obligation of the defendant and not a community obligation. Therefore the ranch was purchased with the separate funds of the defendant.

Plaintiff's contention that the trial court's finding that ''an undefined and unsubstantial interest in that certain ranch located at Moorpark, California, of an indefinite, if not nominal value'' was community property constituted a finding in conflict with the later finding that the ranch was the separate property of defendant is devoid of merit. ■ The rule is settled that where the court in addition to a general finding makes a specific finding as to a particular fact, the latter controls in the case of an inconsistency. (*Staub* v. *Muller*. 7 Cal.2d 221, 226 [5] [60 P.2d 283]; *Turner* v. *Turner*, 187 Cal. 632, 635 [4] [203 P. 109]; see plethora of cases listed in 43 West's California Digest (1951) p. 138, Trial, § 398.)

Assuming in the instant case that there was an inconsistency, the first finding is a general finding while the latter is specific and controlling.

There is another reason why plaintiff's contention is unsound. The findings are not as a matter of fact inconsistent. The trial court found that there was "an unsubstantial" community interest in the Moorpark ranch. Unsubstantial is defined in volume III, Webster's New International Dictionary (1939), page 2793, as follows: "Not substantial; as: a. Wanting matter or substance; not of solid matter. b. Having no physical or real existence; visionary; as, the unsubstantial fabric of a dream." Applying the foregoing definition we find that the trial court found that the community interest in the ranch had no physical or real existence; was visionary, and the fabric of a dream. Consequently, it is evident that the trial court in fact found in the finding under discussion that there was no community interest in the Moorpark ranch, which is in accord with its later finding that the Moorpark ranch was the sole and separate property of defendant.

Fourth: *Did the trial court err in awarding to defendant the custody of his minor children (1) on the first week-end of each month; (2) for a two-week period between August 1st and August 15th of each year; and (3) for the period commencing noon of Christmas day of each year until 8 p. m. of December 28th?*

*No.* Plaintiff contends that since the trial court found that [a] "defendant Lindsay Coleman Howard is not a fit and proper person to have the permanent care, custody, control, or education of the minor children of the parties hereto; [b] that it is true that plaintiff is entitled to the custody of said minor children, and [c] that defendant Lindsay Coleman Howard is not entitled to the custody of said children; except as herein provided" the court erred in thereafter awarding the temporary custody of the children to defendant.

This argument is without merit. The trial court merely found that defendant was not a fit and proper person to have the "permanent" care, custody, control or education of the minor children of the parties. In awarding the temporary custody of the children to the defendant the court impliedly found that he was a proper person to have their temporary custody. There is nothing in the record to controvert this finding. Since the granting of custody, reasonable visitation and temporary possession is a matter addressed to the trial court's broad discretion, its determination will not be modified on appeal in the absence of a clear showing of an abuse of discretion. (*Bancroft* v. *Bancroft,* 178 Cal. 352, 357

[173 P. 582] ; *Prouty* v. *Prouty,* 16 Cal.2d 190, 191 [105 P.2d 295].) Therefore, since there is no showing of an abuse of discretion the trial court's order is binding on this court and will not be disturbed.

The portions of the judgment from which plaintiff appeals are affirmed.

Moore, P. J., and Fox, J., concurred.

Appellant's petition for a rehearing was denied November 5, 1954, and her petition for a hearing by the Supreme Court was denied December 15, 1954.