[Civ. No. 8623.   Third Dist.   Dec. 8, 1955.]

ALTON D. HURLEY, Respondent, v. RALPH B. SMITH, Appellant.

V. P. DiGiorgio and Thomas R. Davis for Appellant.

Charles M. Stark and Paul W. McComish for Respondent.

PEEK, J.—Defendant appeals from a judgment in favor of plaintiff in the sum of $3,296.67, for salary and out-of-pocket expenses found by the court to be due under the terms of an oral contract of employment.

Plaintiff's complaint alleged three separate causes of action. The first alleged, and the court found, that on August 8, 1952, plaintiff and defendant entered into an oral contract under the terms of which defendant employed plaintiff as superintendent of a turkey processing plant to be operated by defendant; that defendant promised to pay plaintiff a salary at the rate of $750 a month; and that plaintiff rendered services in accordance with said agreement between August 8, 1952, and January 15, 1953. The second cause of action alleged, and the court found, that defendant agreed to pay plaintiff his out-of-pocket expenses. The third cause of action alleged defendant to be indebted to plaintiff for services previously rendered at defendant's request, upon which count the court found against plaintiff. Defendant's appeal is directed solely to the court's finding and judgment as predicated upon plaintiff's first cause of action.

Viewing the record as we must, in the light most favorable to plaintiff, it appears that plaintiff and defendant had been engaged in one branch or another of the poultry business for many years prior to this proceeding. Some time during the early part of 1952, the parties discussed the possibility of establishing a turkey eviscerating plant in connection with freezing and storage facilities to be operated in Merced County. Following their original conversation numerous meetings and conversations were had and many letters passed between the parties, eventually resulting in defendant undertaking the establishment of a plant as contemplated and plaintiff acting as his employee in the establishment thereof. No reason would appear to summarize at length the discussions and letters between the parties. Suffice it to say that this portion of the record is decidedly conflicting. However, there is testimony by plaintiff that during their preliminary negotiations, and at the time the oral agreement

was found by the court to have been entered into, the defendant agreed to employ him at a salary of $750 a month; that during the fall of that year defendant told plaintiff, in relation to salary which plaintiff stated was then due, that defendant would catch up with that as soon as he got the plant into operation and a few cars of turkeys rolling. Plaintiff further testified that in December defendant authorized a check in the sum of $750, being the amount of one month's salary. Such evidence was sufficient if believed by the court, and obviously it was, to sustain a finding in plaintiff's favor.

"As had so often been said, questions as to the weight and sufficiency of the evidence, the construction to be put upon it, the inferences to be drawn therefrom, the credibility of witnesses commensurate with their conduct and manner of testifying, and the determination of conflicts and inconsistencies in their testimony are matters for the trial court to resolve." (*Thompson* v. *City of Long Beach*, 41 Cal.2d 235, 246 [259 P.2d 649].)

The defendant additionally contends that the testimony of the plaintiff is inherently improbable and inconsistent with his written statements and memoranda to defendant. █ " '(4) Before evidence can be disregarded as inherently improbable, there must exist a physical impossibility of the evidence being true, or its falsity must be apparent without resort to inferences or deductions.' " (*Howard* v. *Howard*, 128 Cal.App.2d 180, 184 [275 P.2d 88].) At most the evidence referred to by defendant merely discloses a substantial conflict in the testimony. █ But conflicts, whether substantial or otherwise, are wholly insufficient to warrant a reviewing court in substituting its opinion for that of the trial court.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.