[No. 11714.    Department One. — March 20, 1888.]

## JOSEPH BYRNE, EXECUTOR, ETC., OF MATTHEW REED, DECEASED, APPELLANT, *v.* JULIA S. REED ET AL., RESPONDENTS.

JUDGMENT — NEW TRIAL — CONFLICT OF EVIDENCE. — Where the evidence is clearly conflicting, the judgment will not be reversed or a new trial granted on the ground that the findings are not justified by the evidence.

EVIDENCE — STRIKING OUT ANSWER — HEARSAY. — A party calling a witness is not entitled to have an answer to a question asked on the direct examination stricken out, on the ground that it is hearsay, if the answer is responsive to the question.

ID. — DECLARATIONS AGAINST INTEREST — FRAUDULENT CONVEYANCE — CONSIDERATION. — In an action by an executor to set aside a deed on the ground that it was executed without consideration, and consequently was in fraud of the rights of his testator as a creditor of the grantor, in which the defense is that the consideration for the deed was a pre-existing indebtedness due from the grantor to the grantee, evidence of declarations of the testator, showing that he knew and spoke of the indebtedness, is admissible as being declarations against his interest.

ID. — EVIDENCE OF PURPOSE. — In such an action, the grantee may testify as to what her purpose was in taking the deed, and that it was not taken to prevent any one else from getting the property.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE. — A motion for a new trial on the ground of newly discovered evidence is properly denied, when the evidence claimed to be newly discovered is not such as to render a different result probable on a retrial.

APPEAL from a judgment of the Superior Court of Placer County, and from an order refusing a new trial.

The facts are stated in the opinion.

*C. A. & F. P. Tuttle*, for Appellant.

*Hale & Craig*, and *J. M. Fulweiler*, for Respondents.

BELCHER, C. C. — This is an appeal by the plaintiff from a judgment and order denying him a new trial.

The action was brought to remove an alleged cloud on the plaintiff's title to certain mining claims, situate near Iowa Hill, in Placer County.

The mining claims in controversy were formerly owned by the defendant, Adelia Hill, and the plaintiff asserts title to them under a sale on execution, issued upon a judgment against her, made to him, as executor of the last will of Matthew Reed, deceased, on the twenty-fourth day of September, 1883, and under a sheriff's deed made to him, in pursuance of the sale, on the twenty-sixth day of March, 1884. The defendant Julia S. Reed asserts title to the claims under a deed made to her by her co-defendant, Adelia Hill, on the eighteenth day of May, 1883.

It is alleged in the complaint that this deed to the defendant Reed was made without any consideration, and with the intent, on the part of both grantor and grantee, to hinder, delay, and defraud the creditors of the grantor, of whom the plaintiff was and is one; and that consequently it is a cloud on his title which he asks to have removed.

The answer denies that the deed in question was made without consideration, or with any intent to hinder, delay, or defraud the creditors of defendant Hill, or any of them, and alleges that on the 18th of May, 1883, defendant Reed, for a full, sufficient, and valuable consideration, purchased the claims, and ever since has been and now is the *bona fide* and lawful owner and holder of the same, and of every part and parcel thereof.

The court below found that on the eighteenth day of May, 1883, the aggregate value of the mining claims in controversy was not over $1,100; that on that day the defendant Hill was justly indebted to the defendant Reed in the sum of $1,976.33, "and on said day, by agreement thereto with said Reed, said Hill executed

and delivered to said Reed the conveyance of said properties mentioned in the complaint herein, and certain other mining property not described in the complaint, in full satisfaction, discharge, and payment of said indebtedness, and said Reed accepted said conveyance in full satisfaction, payment, and discharge of said indebtedness; that the said indebtedness, and the satisfaction and discharge thereof, was a full and adequate consideration for the properties thus conveyed; that the said conveyance was made and accepted in good faith, and without any intent to hinder, delay, or defraud plaintiff, or any creditor or creditors of defendant Hill; that the defendants Reed and Hill did not collude, or intend by said conveyance or otherwise, nor did either of them intend thereby, to hinder, delay, or defraud the plaintiff or his co-executor, or any creditor or creditors of the defendant Hill, from collecting by execution or otherwise any anticipated or other judgment that might be rendered against defendant Hill, or to prevent, hinder, or delay the collection of any debt or demand due by defendant Hill to any one."

It was accordingly adjudged and decreed that the defendant Julia S. Reed is, and since the eighteenth day of May, 1883, has been, the owner of all the properties conveyed to her on that day by defendant Hill, and is entitled to hold the same as against the plaintiff; and that neither the plaintiff nor the estate of Matthew Reed, deceased, ever acquired or had or held any title to, or right, interest, or estate in, said properties, or any part thereof.

It is claimed for the appellant that the findings were not justified by the evidence, and that the judgment should be reversed and a new trial granted for that reason. The answer is, that as to all of the disputed facts there was a clear conflict in the evidence, that given in behalf of the respondents being quite sufficient to justify each of the findings. The well-settled rule in regard to con-

flicting testimony must, therefore, control the action of this court.

It is also claimed that the court committed several errors, in admitting and rejecting evidence, which should cause a reversal of the judgment. We shall speak briefly of each of these alleged errors.

The plaintiff was called as a witness in his own behalf, and testified that he told defendant Hill, in presence of defendant Reed, that he must foreclose, and that defendant Reed asked him if he could come on the other claims if the property mortgaged did not bring the amount due, and he answered, " No." Counsel for plaintiff then asked why he said " No." The question was objected to and excluded by the court, and we see no error in the ruling. It was certainly immaterial for the court to know what secret motives induced the witness to answer as he did.

The defendant Reed was called as a witness by the plaintiff, and was asked how she paid for the property conveyed to her. She answered that when she purchased the property her aunt (defendant Hill) owed her $1,976.33, and added: " The consideration of the indebtedness was this: my mother gave my aunt five hundred dollars for me September 10, 1868." She was then asked how she knew her mother gave five hundred dollars to her aunt, and she answered that her aunt told her so.

Counsel for plaintiff moved to strike out the answer, and the court denied their motion. We see no error in this ruling. The answer was responsive to the question, and the fact that it was hearsay was no reason for striking it out. Indeed, the plaintiff would seem to have been left in a better position with the answer in than out.

On cross-examination the same witness was asked if Matthew Reed, in his lifetime, said anything to her about her aunt owing her this money. The question was objected to, and the objection overruled.

This ruling was proper. The plaintiff was claiming for the estate of Matthew Reed that the conveyance to the witness was made without any consideration, and it was proper, therefore, to show, as a declaration against his interest, that Reed, in his lifetime, knew and spoke of the indebtedness.

The witness was also asked on her cross-examination if she took the deed for the purpose of preventing any one else from getting the property; and the question was objected to, but allowed. The question was entirely relevant and proper. It was insisted for the plaintiff that the witness took the deed to hinder, delay, and defraud creditors, and whether she did so or not was the principal issue to be decided. She was a competent witness, and it was proper for her to state what her purpose was.

The defendants were permitted, against the objection of plaintiff, to prove by the witness Hobson that in 1879 plaintiff's testator told him that defendant Hill held five hundred dollars in trust for defendant Reed. For the reasons above stated, we see no error in this ruling.

The testimony of Hobson as to what plaintiff said about the value of the mortgaged property, and the petition of defendant Hill to set aside the sale under the Gleeson mortgage, were admissible to show that defendant Hill might honestly have believed, and did believe when she conveyed the claims in controversy to defendant Reed, that the mortgaged property was more than sufficient to pay all encumbrances upon it.

One of the grounds upon which the plaintiff made his motion for a new trial was newly discovered evidence, which he could not with reasonable diligence have discovered and produced at the trial.

Applications for new trial are addressed to the sound legal discretion of the trial court, and the action of that court will not be disturbed, except for an abuse of its discretion, the presumption being that the discretion

was properly exercised.   And to entitle a party to a new trial on the ground of newly discovered evidence, it must appear: "1. That the evidence, and not merely its materiality, be newly discovered; 2. That the evidence be not cumulative merely; 3. That it be such as to render a different result probable on a retrial of the cause; 4. That the party could not with reasonable diligence have discovered and produced it at the trial; and 5. That these facts be shown by the best evidence of which the case admits."   (Hayne on New Trial and Appeal, sec. 88.)

In support of his motion the plaintiff filed two affidavits, and these were met by counter-affidavits on the part of defendants.   After carefully reading all of the affidavits, we are of the opinion, assuming what is said in them to be true, that the court below acted rightly in denying the motion, as a retrial probably would not and ought not to produce any different result.

We find nothing in the record which calls for a reversal of the judgment, and therefore advise that the judgment and order be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.