## SIRKUS v. CENTRAL R. CO.

### No. 14,482; August 17, 1892.

30 Pac. 790.

Appeal—Record.—Where, on Appeal from a Refusal to Grant
a motion for a new trial on the ground of newly discovered evidence,
the record does not show the evidence given on the trial of the cause,
so that it may be determined whether or not the newly discovered
evidence is merely cumulative, it will be presumed that the lower
court found that it was cumulative, and that the order refusing a new
trial was correct.

APPEAL from Superior Court, City and County of San
Francisco.

Action by Sirkus against the Central Railroad Company.
From a refusal to grant a new trial, plaintiff appeals. Af-
firmed.

H. B. M. Miller for appellant; Frank Shay for respondent.

PER CURIAM.—After a verdict and judgment thereon in
favor of the defendant in an action for damages resulting
from personal injuries charged to have been caused by the
negligence of the defendant, the plaintiff moved for a new
trial upon the ground of newly discovered evidence, and in
support thereof presented certain affidavits which he claimed
would have produced a different result had the evidence

therein disclosed been before the jury. The court denied the motion, and the plaintiff has appealed. The record does not contain any of the evidence which was before the court or considered by the jury at the trial of the cause, and we are unable to determine whether or not the matter contained in the affidavits is cumulative, or whether it so overcomes that evidence that the court below would have been justified in granting a new trial. A motion for a new trial upon this ground is addressed very largely to the discretion of the trial court, and as it is always incumbent upon the appellant to show that error has been committed, so upon an appeal from this order it was the duty of the appellant to make it appear from the record that the court did not properly exercise its discretion: Byrne v. Reed, 75 Cal. 277, 17 Pac. 201. In the absence of any information respecting the former testimony, we must assume that the judge in passing upon the motion was of the opinion that the matter set forth in the affidavits was cumulative, and would not have changed the result. He was familiar with the testimony that had been given at the trial, and was able to compare the newly discovered evidence with that testimony, and his action must be assumed by us to have been correct.

The judgment and order are affirmed.