[Civ. No. 3139.  First Appellate District, Division Two.—December 24, 1919.]

STELLA MATIASICK, a Minor, etc., Appellant, v. PA-
CIFIC ELECTRIC RAILWAY COMPANY (a Corpo-
ration), Respondent.

[1] NEW TRIAL — GROUNDS OF MOTION — ABUSE OF DISCRETION — IN-
SUFFICIENCY OF BRIEFS.—Where the notice of motion for new trial
specifies all the grounds permitted by the code, and the motion,
which is granted, is made on all the grounds stated in the notice
of motion and upon the files and minutes of the court, but the
brief of the appellant is based wholly upon the claimed sufficiency
of the evidence to justify the verdict, the appellate court cannot
determine that the trial court abused its discretion in granting a
new trial.

[2] ID.—GRANTING OF MOTION — GROUNDS — PRESUMPTIONS.—On such
appeal it must be presumed the motion for new trial was granted
on the ground of errors of law, or of newly discovered evidence,
or of accidental surprise, or upon some other ground, the disregard
of which by the trial judge would have resulted in a miscarriage
of justice.

APPEAL from an order of the Superior Court of Los An-
geles County granting a new trial.  Charles Monroe, Judge.
Affirmed.

The facts are stated in the opinion of the court.

R. L. Lightfoot and Lee Utley for Appellant.

Frank Karr, R. C. Gortner and E. E. Morris for Respond-
ent.

BRITTAIN, J.—Stella Matiasick, a minor, who sued by
her guardian *ad litem,* appeals from an order granting a new
trial in a case in which the jury rendered a verdict for four
thousand dollars against the Pacific Electric Railway Com-
pany as damages for the death of her father.

The appellant's father was riding in a buggy driven by
another man.  The buggy approached the railroad tracks of
the defendant corporation at the rate of about four miles an
hour, in the afternoon of December 17, 1916.  The motorman
in charge of the car of the defendant first saw the buggy

when it was about fifteen feet from the railway tracks. He was then about two hundred feet from the crossing. He could see the buggy was approaching the track very slowly and that the men were paying no attention to the approaching car. He blew his whistle several times, but they paid no attention to it. He did not sound his bell. After he had blown the whistle he put on the emergency brake. He was "somewhere around two hundred feet from the crossing" and was traveling at about twenty-five miles an hour. He applied all the brakes available and was slowing down for the crossing and was "aiming to hit the crossing at about twenty miles an hour." He thought that he reduced the speed of the car to less than twenty miles an hour, and that when he struck the buggy he was going about eight miles an hour. There was some evidence in regard to the space required to stop the car when running at various rates of speed. The defendant denied the negligence alleged in the complaint, and affirmatively pleaded that the accident was caused by the failure of the appellant's father and the driver of the buggy to exercise ordinary care, caution, and prudence in the premises, and in separate affirmative defenses upon these alleged facts charged both direct and contributory negligence, and that the proximate cause of the collision was the action of the two men in the buggy. At the close of the trial an amended and supplemental complaint was filed setting up facts under which it is claimed the "last clear chance" rule should have been applied. There is not incorporated in the transcript any copy of the instructions given to the jury. The notice of motion for new trial specified all the grounds permitted by the code. The record shows that the motion was made on all the grounds stated in the notice and upon the files and minutes of the court, and that it was granted.

[1] The brief of the appellant is based wholly upon the claimed sufficiency of the evidence to justify the verdict. So far as the record shows the motion may have been granted upon any of the other grounds on which it was made. [2] In view of the rule that all presumptions are in favor of the action of the superior court and against the abuse of discretion vested in that court, and in the absence of a contrary showing, on appeal it must be presumed the motion was

granted on the ground of errors in law, or of newly discovered evidence, or of accident or surprise, or upon some other ground, the disregard of which by the superior court would have resulted in a miscarriage of justice. It is not to be presumed that the trial judge violated the provisions of the constitution. (Const., art. VI, sec. 4½.) It cannot be determined upon the showing in this case that the court abused its discretion in granting a new trial. (*Moore* v. *Thompson*, 138 Cal. 23, [70 Pac. 930]; *Byrne* v. *Reed*, 75 Cal. 277, [17 Pac. 201]; *Heintz* v. *Cooper*, 104 Cal. 668, [38 Pac. 511]; *Hitchcock* v. *McElrath*, 69 Cal. 635, [11 Pac. 487]; *McAulay* v. *Truckee Ice Co.*, 79 Cal. 50, [21 Pac. 434].)

The order appealed from is affirmed.

Langdon, P. J., and Nourse, J., concurred.