[Civ. No. 5938. First Appellate District, Division Two.—September 10, 1927.]

DAISY M. DOWD, Appellant, v. A. J. JOYCE et al., Respondents.

John E. Biby, Harry C. Biby and Drapeau, Orr & Gardner for Appellant.

Durley & Downes for Respondents.

WARNE, J., *pro tem.*—The plaintiff and appellant commenced an action in ejectment alleging ownership in lot 9, block 20, in the city of Oxnard and seeks to oust the defendants from possession thereof. Defendants, by answer, denied plaintiff's ownership and by cross-complaint defendant Immel alleged that he and plaintiff are father and daughter; that confidential relations existed between them; that in November, 1914, he was in poor health, and, at that time, had great confidence in the integrity of plaintiff and in her love and affection and devotion and fidelity to him; that at the time he was desirous of avoiding the costs and delays of probate proceedings in the settlement of his estate in the event of his death and at that time made and delivered to plaintiff a deed to said lot upon express oral promise of plaintiff that he, defendant, should have the right to possession of said premises during his lifetime. It was also alleged by defendant Immel that during his lifetime he was to have the right to manage and control the property, to lease or sell the same, and to receive all the proceeds thereof, and that in the event he should make a sale of said property, plaintiff would execute and deliver a deed thereof to such purchaser as defendant might designate; and that in the event no sale was made, then upon his death plaintiff would convey the lot to Harvey Immel, a son of defendant; or, in the event plaintiff should desire to retain and have said lot, then the said plaintiff was to pay to said Harvey Immel the value of said lot. Defendant Immel also alleged that no consideration was paid for the deed, and that he would not have made the deed and delivered it to plaintiff if the alleged promise had not been made. The cross-complaint was denied by plaintiff. The defendant A. J. Joyce and his wife by answer alleged that they had no interest in the property excepting as lessees under lease from defendant Immel.

The court made findings according to the allegation of defendants, and rendered judgment in accordance with the prayer of defendants and decreed that plaintiff had no

right, title, or interest, or estate whatsoever in or to the property, but held the bare legal title thereto, subject to the uses and trusts alleged by defendant Immel.

Plaintiff appeals from the judgment.

It is the principal contention of the appellant that the evidence is not sufficient to support the findings or to justify the decision and that the judgment should be reversed for that reason. The answer is (as was said in the case of *Byrne v. Reed,* 75 Cal. 277 [17 Pac. 201]), that as to all of the disputed facts there was a clear conflict in evidence, that given in behalf of the respondent being quite sufficient to justify each of the findings. The well-settled rule in regard to conflicting testimony must, therefore, control the action of this court.

Defendant Immel testified in reference to the making of the deed as follows: "Well, I had symptoms of paralysis very bad and I was afraid I might take a stroke of paralysis and wanted to give my son the property . . . that is 9 . . . and made a deed to Mrs. Dowd with the understanding that I was to have the use of it as long as I lived, and if I wanted to dispose of it, she was to sign it back to whoever I wanted to have it, and if.I died and didn't dispose of it she was to convey it to her brother." He further testified that he made the arrangement and talked the matter over with Mrs. Dowd prior to the time of making the deed; that she had agreed to it; that he made the deed and had it recorded, but didn't deliver it to plaintiff until two or three years afterwards; that at the time he delivered the deed to her he talked the matter over with her again and that he said to her that if he died without disposing of the place she was to give it to Harvey (his son), and if he wanted to sell it or dispose of it she was to make a deed to whoever he wanted it made out to; that "she said she would alright." Mrs. Hamilton, another daughter and a sister of the appellant, testified that she had a conversation with Mrs. Dowd concerning this deed and that appellant said "that papa had made out the deed to what we call 'the Green House'—the deed to that property, and he was to retain the use of it his lifetime"; that "he had made out a straight deed to save court expenses in having it probated or anything like that, as the other place a life estate was retained in the deed."

The plaintiff contradicted this testimony and she also contended that Immel's testimony is contradicted by statements contained in two letters which he wrote to plaintiff concerning the property. In a letter dated October 16, 1923, and addressed to plaintiff, he made this statement, "I built buildings on it with your permission to have the use of them as long as I lived, then they were to go to you when I was dead." And in a letter dated October 30, 1923, also addressed to plaintiff, he said, "You were to get it when I was done with it or when I was dead." While these statements tend to contradict Immel's testimony that he made the deed to his daughter with the understanding that he was to have the use of the property as long as he lived, "and if he wanted to dispose of it she was to sign it back to whoever I wanted to have it, and if I died and didn't dispose of it she was to convey it to her brother," the weight to be attached to the statements contained in the letters was a question for the trial court to determine. (*Fagan* v. *Lentz,* 156 Cal. 681 [20 Ann. Cas. 221, 105 Pac. 951].)

We have examined the entire record in the case and are of the opinion that there is substantial evidence to sustain the trial court in arriving at the conclusions reached. In *Howard* v. *Stephens,* 38 Cal. App. 296 [176 Pac. 65], the court says: "Whether the evidence in a given case is clear and convincing is a question in the first instance to be determined by the trial court, and its conclusion is not to be disturbed unless the reviewing court can say, after an examination of the entire record and all the circumstances surrounding the transaction as there disclosed, that such conclusion is clearly unwarranted by the evidence. 'If there is substantial evidence to support the conclusion reached below, the finding is not open to review on appeal' even where the law requires proof of the fact to be clear and convincing. (*Ward* v. *Waterman,* 85 Cal. 502 [24 Pac. 930]; *Steinberger* v. *Young,* 175 Cal. 81 [165 Pac. 432].)"

It is next contended that the trial court erred in admitting in evidence over plaintiff's objection a deed made by defendant Immel conveying certain of his property to another daughter at about the same time the deed in question was made. The deed was offered in evidence to prove a general scheme of distribution by defendant of his

property. Even if the admission of this evidence was error (a question which we do not deem it necessary to decide), it would not be sufficiently prejudicial to warrant a reversal. There was ample evidence to sustain the court in arriving at its findings without reference to this deed and the evidence concerning the conditions under which it was made.

Lastly, the appellant contends that the court failed to find upon a material issue. Appellant has not pointed out to us wherein the court erred in this particular and we conclude that she has abandoned this point for the reason that she has concluded there is no merit in it.

The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.