[Civ. No. 5804. Second Appellate District, Division One.—April 7, 1928.]

FARMERS BANK OF CAMARILLO (a Corporation), Appellant, v. DWIGHT P. GOODRICH et al., Respondents.

718

Clair S. Tappaan and Glenn E. Whitney for Appellant.

James L. Allen and James L. Davis for Respondents.

HAHN, J., *pro tem.*—Plaintiff appeals from a judgment rendered in favor of defendants Dwight P. Goodrich and Jennie Goodrich in an action upon a promissory note executed by the said Goodrichs and indorsed by defendants Herman Fisher and M. A. Fleming.

The complaint is in the usual form and, among other matters therein set forth, alleges that the note in question was on the date it bore executed by the defendants Dwight P. Goodrich and Jennie E. Goodrich, and thereafter was delivered to the defendant Herman Fisher, the payee named in the note; that subsequently and before maturity thereof and for a valuable consideration, the note in question was indorsed and delivered by Herman Fisher to M. A. Fleming, who before maturity of the note and for a valuable consideration indorsed and delivered it to the plaintiff bank, the then holder and owner of the note. Defendants Fisher and Fleming defaulted, but defendants Dwight P. Goodrich and Jennie E. Goodrich, the alleged makers of the note, answered, specifically denying all of the material allegations of the complaint concerning the execution and delivery of the note. In addition, they set up in their answer two special affirmative defenses, the material matters of which may be briefly summarized as follows:

First: That on May 18, 1923, which is the date that the note sued on bears, defendants Goodrich executed "an incomplete and conditional promissory note," a copy of which

is set forth in the answer, and which is similar in all respects to the note sued upon, except that it bears the name of no payee, a blank space appearing where the note set out in the complaint has written the name of Herman Fisher.

Second: That at the time and as a part of the transaction wherein said note was executed, an agreement was entered into between the said defendants and one B. R. Parrott; that the note was placed in the custody of the said Parrott by said defendants upon the conditions and for the purposes set forth in said agreement.

Third: That subsequent to the placing of said note with the said Parrott, the said Parrott and defendants Fisher and Fleming, without any authority so to do, inserted or caused to be inserted in said note the name of Herman Fisher as payee; that the said Parrott, Fisher and Fleming, and each of them, well knew that the defendants Goodrich had never authorized them or anyone to insert the name of Fisher as payee in said note, and that the name of Herman Fisher was inserted in said note without legal right.

Fourth: That the said Parrott had no authority to negotiate said note or to deliver the same to anyone, except in accordance with the provisions of the agreement referred to, and that said note was never delivered by the said Parrott in accordance with the terms and conditions of said agreements, but was negotiated and delivered contrary to the provisions of said agreement; that the said Fisher and Fleming in receiving and negotiating said note knew that the said Parrott had no authority to deliver or negotiate said note.

Fifth: That the said defendants Goodrich received no consideration whatever for said note.

Sixth: That the bank well knew at the time it received said note that the said Parrott had no right to deliver and negotiate said note and well knew of all of the infirmities of said note as alleged in said special defense, and that said bank did not take the note in due course.

It may be also noted that in these special defenses there are sufficient facts alleged to raise the issue of constructive fraud in the negotiating and delivery of said note from Parrott on to the plaintiff bank.

For brevity's sake, we have not summarized the provisions of the alleged agreement, as our determination of the appeal makes unnecessary a detailed consideration of the terms of the agreement.

Findings and judgment went for the defendants Dwight P. Goodrich and Jennie E. Goodrich, and in favor of the plaintiff as against the defendants Fisher and Fleming. From this judgment the plaintiff appeals, alleging that the findings in five particular instances are not supported by the evidence, and that therefore the judgment rendered is contrary to law.

The outstanding question of a number raised and discussed in the briefs filed is: "Did the plaintiff bank receive the note in due course and before its maturity?" The court found that it did not, and in our opinion there is sufficient evidence in the record to support this finding.

The note in question being dated May 18, 1923, and made payable by its terms six months after date, fell due on October 18, 1923. There is no dispute of the fact that the bank received this note from defendant M. A. Fleming as collateral security to a note executed by the defendant Fleming to the bank for moneys loaned to Fleming. The only direct testimony bearing upon the question as to the date of delivery of the note to the bank is that of the defendant Fleming. No officer of the bank appeared as a witness to testify as to when the bank received the note. The record discloses the following as Fleming's testimony on this point: "Q. When did you turn this note over to the bank? A. Why I couldn't say exactly when it was. . . . Q. Now how much did you pay for them—did you buy them all at once?" (The pronoun "them" refers to several notes, including the one involved here.) "A. No. Now here is the way the purchase was: I was getting money for Mr. Fisher— Q. You were getting money from Mr. Fisher? A. *For* Mr. Fisher— The Court: When was this, Mr. Fleming? A. Well, it was, I would say it was along in July or August—I would have to check up some way on that. Q. What year? A. 1924, it was about the time that the first notes, the Leichtfuzz notes was put in the bank there at Los Angeles. Q. July or August, 1924. A. Yes. . . . Q. And it was after you got this note that you sold it to the plaintiff? A. Yes, sir. Q. And you got it in July,

1924? A. Well, as I say I am not positive. Q. How? A. I am not positive about that, about the date. Q. Well, when was it? A. Well, approximately, I will say. Q. Well, approximately July, 1924; it might have been May or August? A. Oh, no, it was not. That is the best I can say; I think it was July or August. . . . " Subsequently upon cross-examination, the witness Fleming was asked, "These notes were transferred to the bank before they were due?" and he replied, "Oh, yes!"

██ This testimony, respondent asserts, abundantly supports the conclusion of the court that the note was past due when it came into plaintiff's hands. To this assertion, appellant replies that the year 1924, testified to by plaintiff as the year in which he delivered the note to the bank, "was clearly a misstatement" and was "an inadvertent misstatement which all parties concerned knew to be such."

Endeavoring to support this conclusion that the witness Fleming inadvertently fixed the year as 1924, appellant makes several assertions of fact, some of which find no basis in the record, from which he urges that his conclusion may be fairly inferred. We have examined the transcript of the evidence, but can find nothing therein to justify appellant's assumption that the witness Fleming "inadvertently" fixed the time of delivery of the note as 1924 instead of 1923, unless it can be said that the fact of conflict in the witness' own testimony on this question is evidence that one of his statements was "inadvertently made."

It was clearly within the province of the trial court sitting as a jury to determine which one of the witness' statements on this point was entitled to credence. The court in its findings has indicated its conclusions, and this court on appeal cannot interfere with that determination.

Other points are urged by appellant which relate to issues raised by the respondents in their special defenses and evidence presented upon these issues. We do not understand that appellant contends that the questions raised in the special defenses would not have been pertinent if the action had been filed by Fisher, the payee appearing in the note.

██ The court finding that the note came into the hands of the bank after maturity, it was subject to all of the defenses that could be raised against the original payee

of the note. An examination of the record discloses that, while there is some conflict in the evidence, there is abundant evidence to support the findings of lack of authority to insert the name of Fisher, as payee in the note, and, also, the findings on the question of consideration for the note, delivery of the note, and fraud practiced in the obtaining of the note from Parrott by Fisher.

In view of our conclusion upon the question discussed, we do not deem it necessary to consider in detail the other points raised.

The judgment is therefore affirmed.

Houser, Acting P. J., and York, J., concurred.