[Civ. No. 17325. Second Dist., Div. Three. July 28, 1950.]

JAMES S. ANGUS et al., Respondents, v. JACK ROTH, Appellant; PROTEX-A-KAR COMPANY (a Corporation), Intervener and Appellant.

Hibbard & Kleindienst and Charles E. Schaaf for Appellants.

Fred W. Chase for Respondents.

VALLÉE, J.—Appeal by defendant Jack Roth and plaintiff in intervention Protex-A-Kar Company, a corporation, from a judgment against them in favor of plaintiff James S. Angus and plaintiff in intervention Kenneth E. Page for $7,944.59 in an action for damages for breach of a written contract to manufacture pressure sprayers. It is conceded that the evidence supports a judgment for respondents. The only question is whether it supports the amount of damages awarded.

Angus and Page were partners. The contract, dated July 25, 1946, provided that Angus manufacture and deliver 25,000 pressure sprayers at a unit price of $1.05 and that Roth and Cone should order from Angus $2,000 worth of special tooling to be used in manufacturing the sprayers. On August 5, 1946, Roth and Cone assigned to Protex-A-Kar Company, all their rights under the contract and the latter assumed all of their obligations.

The court found that in performing the contract Angus expended $14,052.81; that he had received $5,694.59 and appellants had paid $413.62 for dies used and ordered by Angus. Five thousand six hundred ninety four dollars and fifty nine cents plus $413.63 equals $6,108.22. Judgment was for $7,944.59, which is $14,052.81 minus $6,108.22.

Angus testified that the reasonable value of materials and tools used in the work was $7,628.51. Prior to suit he had submitted a statement to one of the defendants showing materials and tools used as $7,628.51. On cross-examination he testified that some of the items making up the $7,628.51 included value of labor but the figure did not include all of his labor charges; that the $7,628.51 was not a final statement, it was only a statement of parts delivered.

As we have said, the court found that Angus expended $14,052.81. The manner in which this figure was computed does not appear. Apparently the $7,628.51 was included in it. Appellants argue that because Angus said on cross-examination that some labor was included in the $7,628.51, the finding is not supported by the evidence. The argument is without merit. Angus testified to the figures making up the amount found by the court to have been expended. That evidence is sufficient to sustain the finding as to damages. Resolution of inconsistencies and contradictions, if there were any such in his testimony, was for the trial court, not this court. The rule as to conflict of the evidence applies to cases of inconsistencies and contradictions in the testimony of a witness. (*Weintraub* v. *Soronow*, 115 Cal.App. 145, 149, 150 [1 P.2d 28]; *Farmers Bank of Carmarillo* v. *Goodrich*, 90 Cal.App. 717, 721 [266 P. 550]; *Dowd* v. *Joyce*, 85 Cal.App. 377, 380 [259 P. 368].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.