[Crim. No. 1189.   Fourth Dist.   Oct. 29, 1958.]

THE PEOPLE, Respondent, v. LEROY MOORE,
Appellant.

George W. Sjostrand, under appointment by the District
Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and S. Clark Moore,
Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was charged with the crime of
forgery (Pen. Code, § 470) in two separate counts in an
amended information. It was further alleged therein that the

defendant had been previously convicted of a felony and two misdemeanors. He admitted the prior felony conviction and the allegations of the prior misdemeanor convictions were dismissed on motion of the district attorney. Jury trial was waived and the court found the defendant guilty of the offenses charged in the two counts of the amended information. Application for probation was denied and the defendant was sentenced to state prison. He appeals from the judgment and argues that the evidence is legally insufficient to support the verdict and the verdict is contrary to the law and the evidence.

On October 30, 1957, appellant presented to Jack Alan, manager of Cole's Shoe Store in San Bernardino, a check for $18.95, drawn on the Chino Branch of the Bank of America, payable to the order of appellant and signed with the name "Bessie Rackleffe." Appellant told Alan that the check had been made out by his sister. The evidence shows that he purchased a pair of shoes and received approximately $13.16 in exchange for this check. The sum of 60 cents was deducted as the cost of a telephone call to the Chino bank to verify the account.

On October 31, 1957, appellant again went to Cole's Shoe Store and gave Mr. Alan another check dated October 31, 1957, drawn on the Chino Branch of the Bank of America and payable to appellant in the sum of $21. This check was likewise signed "Bessie Rackleffe." Alan told appellant to take this check and have it cashed and, after the appellant left the store, Alan called the police. When the officers arrived they apprehended the defendant and took him to the detective bureau, where he stated that the check in his possession was signed by his sister and later admitted that he had written both checks described in the information. Bessie Rackleffe, appellant's sister, testified that she had never given appellant permission to write her name on these checks or either of them and that she did not write them.

Appellant contends that the evidence does not show lack of authority on his part to write the checks involved and bases his argument on the testimony of his sister to the effect that she had paid other checks which appellant had written, signing her name, and that she would have paid the checks involved, and also bases his argument on his testimony to the effect that he believed that his sister had authorized him to issue these checks and sign her name thereto.

While there are contradictions in the testimony of

Bessie Rackleffe relative to this matter, the court was entitled to accept as true her statement that she had never given appellant authority to sign her name to the checks involved and reject her testimony inconsistent with this statement. (*People* v. *Haywood*, 131 Cal.App.2d 259, 261 [280 P.2d 180].)

The crime of forgery consists either in the false making or alteration of a document without authority or the uttering of such a document with intent to defraud. (*People* v. *Morgan*, 140 Cal.App.2d 796, 800 [296 P.2d 75].) In *People* v. *Epperson*, 134 Cal.App.2d 413, 416 [285 P.2d 722], it is said that when a person without authority signs the name of another as endorser of a check, that in itself is quite conclusive evidence that his intent was to prejudice or damage that person. And in *People* v. *Weitz*, 42 Cal.2d 338, 350 [267 P.2d 295], the court said that the signing of a person's name without authority, at least where the instrument has been uttered, is sufficient to imply an intent to defraud.

Proof of intent to defraud may consist of reasonable inferences drawn from affirmatively established facts. (*People* v. *Brown*, 137 Cal.App.2d 138, 143 [289 P.2d 880].)

In the instant case there was sufficient substantial evidence from which the court could draw an inference of appellant's lack of authority to draw the checks involved and of his intent to defraud.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.