[Crim. No. 6986.   Second Dist., Div. Three.   July 27, 1960.]

THE PEOPLE, Respondent, v. ALBERT BENAVIDEZ
ROBLES, Appellant.

Robert A. Ortiz for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

VALLÉE, J.—A jury convicted defendant of unlawfully possessing heroin. He was sentenced to state prison. He appeals from the judgment and order denying a new trial.

On May 7, 1959, Deputy Sheriff Austin, accompanied by Deputies Sells, Wilson, Miller, and Peterson, drove to the vicinity of defendant's home in east Los Angeles. Before reaching defendant's home, Austin left the car and walked past the house. Defendant was in the front yard. When Austin was three or four feet from defendant he (Austin) saw old scar tissue on defendant's inner left elbow and fresh puncture wounds over the vein inside the old scar tissue. Austin formed the opinion defendant had been using narcotics illegally, and returned to the car.

The officers then drove to the front of defendant's house. As they approached, defendant was still in the front yard. He turned to face the car. As he faced the car, he made an underhand throwing motion with his right hand. Officer Sells saw an object fly out of defendant's hand and into the yard next door. Defendant then stooped next to a picket fence which separated the two yards. The officers alighted from the car and approached defendant. As they did so Austin again saw the old scar tissue and a fresh puncture on the inner left elbow over the vein. The officers placed defendant under arrest. Sells and Miller proceeded to the area next to the fence where defendant had stooped and to the area in which he had thrown the object. In the latter area Sells found a balloon containing heroin.

Austin asked defendant if this "junk" was his. Defendant said it was. "Junk" in the narcotic traffic means heroin. Austin asked defendant if he obtained it for the purpose of selling it. Defendant said no, that he obtained it for his own use.

. Defendant asserts his "disposing of the evidence, was a product of the officers' misconduct and illegal arrest, and was an invasion of his constitutional rights"; that "the basis of the arrest of the appellant was a subterfuge in an effort to

try and secure evidence against him." The assertion is predicated on the fact that Officer Austin testified that when the officers left the police station it was their intention, in going to defendant's home, to arrest him. However, Austin testified the officers went to the area "for the purpose of conducting an investigation involving the defendant. If the investigation proved positive, then we had the intention of arresting him"; and that the reason he arrested defendant was because he saw the marks on defendant's left arm. The jury and the trial judge, in denying a new trial, impliedly found that the officers did not go to defendant's home with the intention of arresting him without probable cause. ▮▮ The rule as to conflict of evidence applies to cases of contradictions in the testimony of a witness. The conflict is all the more for the jury for being intestine. (*Weintraub* v. *Soronow,* 115 Cal.App. 145, 149, 150 [1 P.2d 28] ; *Farmers Bank of Camarillo* v. *Goodrich,* 90 Cal. App. 717, 721 [266 P. 550] ; *Dowd* v. *Joyce,* 85 Cal.App. 377, 380 [259 P. 368].) ▮ We are without power to substitute different deductions for those of the trier of fact. ▮ The trier of fact may accept part of the testimony of a witness and reject other parts and may disregard any inadvertencies or contradictions in his testimony. (*People* v. *Gardner,* 177 Cal.App.2d 43, 45 [1 Cal.Rptr. 830] ; *People* v. *Moore,* 164 Cal.App.2d 695, 696-697 [331 P.2d 226].) ▮ It is strictly the function of the trier of fact to determine to what extent it will believe or disbelieve testimony. (*People* v. *Mitchell,* 91 Cal.App.2d 214, 219-220 [205 P.2d 101] ; *People* v. *Boyce,* 99 Cal.App.2d 439, 443 [221 P.2d 1011].) There is no merit in the contention that the basis of the arrest was a subterfuge or that there was an invasion of defendant's constitutional rights.

*Gascon* v. *Superior Court,* 169 Cal.App.2d 356 [337 P.2d 201], and *Badillo* v. *Superior Court,* 46 Cal.2d 269 [294 P.2d 23], cited by defendant, are wholly unlike the case at bar. In *Gascon* the defendant was lawfully on the public streets at night and had not committed any acts which would tend to arouse suspicion. The officers stopped the petitioner and told him they were going to search him. The statement caused the petitioner to flee and throw away the contraband. It was held the arrest was without probable cause. In *Badillo* the petitioner fled from the premises which had been illegally entered by the investigating officers. In fleeing, he threw from his person and into the hands of an officer waiting outside the front door of the premises some contraband. In holding the

evidence was obtained by an illegal search and seizure, the court stated (p. 273):

"[F]light out the front door and attempted disposal of the evidence was the direct result of Officer Getchell's illegal entry, and accordingly, the evidence was obtained in violation of constitutional guarantees."

At bar, the throwing away of the heroin was not because of any unlawful assertion of authority by the officers.

It is asserted there was not probable cause "to search and arrest" defendant. ■ There was no search made of defendant. The search of the yard next door was not contrary to law. (*People* v. *Montes,* 146 Cal.App.2d 530, 533-534 [303 P.2d 1064].) ■ Officer Austin saw marks which led him to believe defendant had recently been in possession of narcotics, and Officer Sells saw defendant throwing away the object. Furtive and suspicious conduct may give the police good reason to believe an offense has been committed. (*People* v. *Amado,* 167 Cal.App.2d 345, 347 [334 P.2d 254]; *People* v. *Garcia,* 171 Cal.App.2d 757, 760 [341 P.2d 351].) There was reasonable cause for the arrest.

The judgment and order denying a new trial are affirmed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied August 15, 1960, and appellant's petition for a hearing by the Supreme Court was denied September 20, 1960.