[Crim. No. 7192.   Second Dist., Div. Three.   Feb. 23, 1961.]

THE PEOPLE, Appellant, v. MICHAEL ANDREW FITCH, JR., et al., Respondents.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Appellant.

No appearance for Respondents.

VALLÉE, J.—Appeals by the People from orders granting the motions of defendants to set aside informations on the grounds they had been committed without reasonable or probable cause. (Pen. Code, § 995.) One information accused defendant Fitch of possession of marijuana; the other accused defendant Robbins of the same offense. The informations were consolidated for the purpose of the preliminary hearing only. The appeals will be disposed of in one opinion.

These facts were established at the preliminary: Prior to the events in question Officer Vetter of the Downey Police Department had known George Clausson for some time. About 10:15 p. m. on December 5, 1959, Officer Vetter went to the Clausson home with a warrant for his arrest. The warrant had been issued on a charge that Clausson had violated his probation by selling narcotics. Vetter was accompanied by Officer Hooker in a police vehicle. As the officers were about in front of Clausson's home they saw four or five persons leaving the house. Vetter thought one of the men was Clausson. These people got into a car and drove off. The officers followed the car and stopped it under street lights.

Vetter left the police vehicle and saw five persons in the car, one of whom appeared to be Clausson. He approached the left side of the car. As he did so, defendant Fitch who was in the car made a very fast movement with his hand to his mouth as if to place something in it. Fitch was sitting in the right rear. Vetter went to the right side of the car, opened the rear door, and asked Fitch to get out. As Fitch got out, he was moving his mouth as if to conceal something. Vetter told him to remove whatever he had in his mouth. Fitch put his hand to his mouth and threw two marijuana cigarettes to the ground.

Defendant Robbins was in the car. As Officer Hooker looked in the car it appeared to him that Robbins had something in her right hand. She was moving about "swiftly" in the front seat. She was ordered out of the car; was told to do so several times; she hesitated to get out; when she did get out, she dropped two marijuana cigarettes onto the ground.

Later that night Officer Vetter had a conversation with Fitch. Vetter asked him "how he ever got himself in a mess like this." Fitch said "he didn't know, he just had the cigarettes and he had just gotten them." Vetter asked him, "Would you have used these cigarettes later in the night

had you not been stopped?" Fitch shrugged his shoulders. Vetter asked him where he had obtained them. He said "he had gotten them at the Clausson residence." Vetter asked him from whom he had obtained them. Fitch said he "didn't know the fellow's name." Fitch told the officer he was a friend of the Claussons.

The evidence necessary to justify an order holding a defendant to answer to the superior court is not subject to the same test as that before a trial jury in a criminal action, and reasonable or probable cause may be found for holding to answer although the evidence does not establish the defendant's guilt beyond a reasonable doubt. All that is required is a reasonable probability of the defendant's guilt. (*Davis* v. *Superior Court,* 78 Cal.App.2d 25, 27 [177 P.2d 314].) "[R]easonable or probable cause," required to uphold the commitment of a defendant (Pen. Code, § 995), exists if there is sufficient proof to make it reasonable to believe that the defendant is guilty of the offense charged. (*People* v. *George,* 95 Cal.App.2d 425, 429 [213 P.2d 33].)

On a motion to set aside an information, the question of the guilt or innocence of the defendant is not before the court, nor does the issue concern the quantum of evidence necessary to sustain a judgment of conviction. The court is to determine only whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense had been committed in which the defendant had participated. A court may not substitute its judgment as to the weight of the evidence for that of the magistrate. If there is some evidence to support the information, the courts will not inquire into its sufficiency. Under section 995 of the Penal Code, the information will be set aside only where there is no evidence that a crime has been committed or there is no evidence to connect the defendant with a crime shown to have been committed. (*People* v. *Platt,* 124 Cal.App.2d 123, 130-131 [268 P.2d 529].)

A peace officer may make an arrest without a warrant when he has reasonable cause for believing the person arrested to have committed a felony. (Pen. Code, § 836; *People* v. *Smith,* 50 Cal.2d 149, 151 [323 P.2d 435].) An arrest without a warrant is not unreasonable if the officer has reasonable cause to believe a person is in possession of contraband. (*People* v. *Gale,* 46 Cal.2d 253, 255 [294 P.2d 13].)

Reasonable cause is a suspicion founded on circum-

stances sufficiently strong to warrant a reasonable man in the belief that the charge is true. (*People* v. *Brite,* 9 Cal.2d 666, 687 [72 P.2d 122] ; *People* v. *McMurray,* 171 Cal.App.2d 178, 184 [340 P.2d 335].)

The corpus delicti was established. All that is needed to establish the corpus delicti of possessing narcotics in violation of the statute is to show a reasonable probability of unlawful possession by someone. (*People* v. *Lawton,* 186 Cal.App.2d 834, 836-837 [9 Cal.Rptr. 122].)

Believing that Clausson was in the car, the officers had reasonable ground to pursue and stop it. They had a warrant for his arrest. After stopping the car they had a right to protect themselves by ordering the occupants out of it. (*People* v. *Martin,* 46 Cal.2d 106, 108 [293 P.2d 52].)

They had a right to interrogate defendants on a public street in the nighttime. (*People* v. *Simon,* 45 Cal.2d 645, 650 [290 P.2d 531].) The furtive and suspicious conduct of defendants gave the officers reasonable grounds for believing they were hiding contraband. (*People* v. *Blodgett,* 46 Cal.2d 114, 117 [293 P.2d 57] ; *People* v. *Amado,* 167 Cal.App.2d 345, 347 [334 P.2d 254] ; *People* v. *Robles,* 183 Cal.App.2d 212, 215 [6 Cal.Rptr. 748].)

There was no force or violence or brutal or shocking conduct used in causing Fitch to emit the cigarettes he had in his mouth. He was not choked—he was asked to open his mouth. He removed them from his mouth and threw them to the ground. There was no force or violence or brutal or shocking conduct used to cause Robbins to drop the cigarettes. No constitutional right of either defendant was violated. The evidence established that each defendant had marijuana in his and her possession.

There was no search of defendants. (*People* v. *Robles,* 183 Cal.App.2d 212, 215 [6 Cal.Rptr. 748].) A search implies a prying into hidden places for that which is concealed and that the object searched for has been hidden or intentionally put out of the way; the mere looking at that which is open to view is not a search. (*People* v. *Hurst,* 183 Cal.App. 2d 379, 386 [6 Cal.Rptr. 483].) There was no seizure. A seizure contemplates a forcible dispossession of the owner and it is not a voluntary surrender. (*People* v. *West,* 144 Cal.App.2d 214, 220 [300 P.2d 729].)

The observations made by the officers the night of the arrest were enough to create a suspicion founded on circumstances sufficiently strong to warrant a reasonable man

in believing felonies had been committed. The officers had reasonable cause to believe each defendant was committing a public offense and the arrests were reasonable. (*People* v. *Wiley*, 162 Cal.App.2d 836, 839 [328 P.2d 823]; *People* v. *Spicer*, 163 Cal.App.2d 678, 683 [329 P.2d 917].) It is a natural impulse, on confrontation, to attempt immediately to get rid of any contraband, and one cannot be heard to complain where he or a companion has betrayed the presence of illegal goods by the alacrity with which he attempted to conceal them.

The evidence before the magistrate was sufficient to justify him in concluding that violations of Health and Safety Code, section 11530, had been committed, and that there was sufficient cause to believe defendants guilty of them. (Pen. Code, § 872.) Convictions have been had and sustained on less evidence than that before the magistrate.

The orders appealed from are reversed.

Shinn, P. J., and Ford, J., concurred.