[Crim. No. 7537. Second Dist., Div. Three. July 19, 1961.]

THE PEOPLE, Respondent, v. MATHEW TUCKER, Appellant.

Mathew Tucker, in pro. per., for Appellant.

No appearance for Respondent.

THE COURT. — In an information the defendant was charged in separate counts with two offenses of the sale of heroin, one of the possession of heroin and one count of the possession of marijuana. Defendant was represented by the public defender; trial by jury was waived, defendant did not testify and was found guilty on all counts. His motion for a new trial was denied; probation was denied and he was sentenced to state prison, all terms to run concurrently.

Defendant appeals in propria persona from the judgment and the denial of his motion for a new trial.

On August 26, 1960, at around 7:30 p.m., Elvis Warthen, a deputy sheriff, was in the company of Walter Ellison. The officer had previously searched Ellison and found no narcotics on his person; he gave Ellison three marked $20 bills.

Ellison made a telephone call and he and Officer Warthen waited together in the officer's vehicle. A car driven by defendant backed up in front of the officer's car. Defendant made a beckoning motion to Ellison who walked up to defendant's car. The defendant's hands came up to Ellison's hands. Ellison then returned and gave the officer two $20 bills and four capsules of heroin.

Officer Warthen and Ellison remained there until approximately 8:30. When defendant appeared Ellison introduced defendant to the officer who asked him if he had the ''stuff'' with him. Defendant stated that he did and asked the officer if he had the ''bread.'' Defendant would not give it to the officer as he did not know him, but agreed to give it to Ellison. Defendant and Ellison walked away about 15 feet. Defendant's hands made contact with Ellison's and an object changed from defendant's hands to Ellison's. Ellison handed the officer a rubber balloon containing eight heroin capsules.

As might have been expected of an informer, at the trial Ellison denied the officer's testimony, stating that he did not see the defendant on the night in question, nor give him any

heroin. However, he did admit being with the officer on the night in question.

Warthen in company with other officers went to 214 West 101st Street and placed defendant under arrest and searched him. They found two of the marked $20 bills. A further search revealed a gelatin capsule containing a small amount of heroin.

Officer Love searched a shirt hanging on the wall and found two white hand-rolled marijuana cigarettes and a condom containing two white gelatin capsules containing heroin, and four capsules containing a residue of heroin. Defendant stated that the shirt belonged to him. Officer Love also found in defendant's room, two eyedroppers, two needles, and a bottle cap with a residue of heroin. Defendant admitted that he lived there and that the room that was searched was his bedroom.

Defendant first contends that there was insufficient evidence to sustain the conviction in Counts I and II in that the officer did not see the defendant hand anything to Ellison and because Ellison denied that he even saw the defendant on the night in question. Such conflicts are to be resolved by the trier of facts. (*People* v. *Robles,* 183 Cal.App.2d 212, 214 [6 Cal.Rptr. 748].)

Defendant's next contention is that he was entrapped into committing the offense. We fail to agree.

Entrapment is a defense which imposes upon the accused the burden of showing that he was induced to commit the offense. (*People* v. *Ray,* 185 Cal.App.2d 250, 254 [8 Cal. Rptr. 211].) Defendant did not take the stand. Furthermore, the facts indicate that he was in the business of narcotics traffic and was a willing seller. Under these circumstances there can be no entrapment by an officer willing to purchase the narcotics. (*People* v. *Branch,* 119 Cal.App.2d 490, 494 [260 P.2d 27].)

There is no merit in the contention that the officers engaged in an illegal search and seizure. (*People* v. *Montano,* 184 Cal.App.2d 199, 205 [7 Cal.Rptr. 307].)

The judgment and order denying a new trial are affirmed.