**STATE of Missouri, Respondent,**

v.

**Floyd Robert BRITTON, Appellant.**

No. 53968.

Supreme Court of Missouri,
Division No. 1.

July 14, 1969.

———◆———

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Van Matre & Van Matre, William W. Van Matre, Mexico, for defendant-appellant.

HIGGINS, Commissioner.

Appellant, charged with a first offense of driving a motor vehicle while intoxicated, Section 564.440, V.A.M.S., waived jury and, upon trial to the court, was found guilty and adjudged and sentenced to pay a fine of $100. Although charged with and found guilty of a misdemeanor, appellant has preserved, and his appeal alleges, a constitutional question.

On July 6, 1966, Gerald Allen Luntsford was a police officer of Vandalia, a city of the fourth class in Audrain County, Missouri. He was wearing a uniform with badge and carried a gun. He was sitting in an automobile equipped with revolving red light and siren at the intersection of U.S. Highway 54 and Main Street in Vandalia. The intersection was controlled by a 4-way flashing red light and 4-way stop signs.

Officer Luntsford observed a 1959 Ford go north on Main Street approaching the intersection at approximately 40 miles per hour. The Ford slowed to two or three miles per hour, made a "rolling" stop, and turned west on Highway 54. Two motorcycles were stopped at the intersection headed east in the south half of Highway 54. They had started into the intersection prior to the left turn made in their path by the Ford. Officer Luntsford, with red light flashing, began pursuit of the Ford. His intention was to arrest the Ford's driver for "careless and imprudent driving * * * for almost hitting those two boys on the motorcycles and then in the manner he turned the corner."

Officer Luntsford was unable to stop the Ford in Vandalia and pursued it on west on Highway 54. As he left Vandalia, Officer Luntsford used his radio to tell his base office in Vandalia to notify the state highway patrol that he was in pursuit of an automobile. During his chase he saw the Ford cross the center line "several times" and once to go to the shoulder on the wrong side of the road. The Ford attained and maintained speeds of around 90 miles per hour during the five miles of open highway

and Farber Junction where the car slowed, left the highway, and stopped.

When the Ford stopped Officer Luntsford stopped behind it and walked to the Ford to ask the driver for his operator's license. At this time he recognized the Ford's driver as Floyd Robert Britton, a man he had known for "approximately a year, a year and a half" prior to this incident.

Shortly after the Ford stopped, Audrain County Deputy Sheriff Crow and Sergeant Paul Volkmer of the Missouri State Highway Patrol arrived pursuant to the request of Officer Luntsford relayed through Vandalia Chief of Police Steffen. Officer Luntsford gave defendant's operator's license to Sergeant Volkmer. Both Officer Luntsford and Sergeant Volkmer formed an opinion that appellant was intoxicated and Deputy Crow had the opinion appellant had been drinking. Sergeant Volkmer arrested appellant and took him to the sheriff's office in Mexico, Missouri, where Sgt. W. H. Fischbeck of the highway patrol administered a Breatholyzer test with a result of "sixteen hundredths of one per cent blood alcohol."

Prior to trial appellant moved, in writing, to suppress any testimony of witness Luntsford "as to any identification of the defendant as the driver of the motor vehicle referred to in the Information * * * (on grounds that) the purported arrest and detention of defendant by Officer Luntsford for an alleged misdemeanor was illegal and void for the reason that said purported arrest and detention was made at a point outside the corporate limits of the City of Vandalia, Missouri; that said Officer Luntsford did not have a warrant for the arrest of the defendant; * * * no authority to arrest or detain defendant or to make a search and seizure at said time and place; that all knowledge and evidence obtained by Officer Luntsford as a result of such illegal arrest, detention, search and. seizure is inadmissible against this defendant; * * * that to permit the use by the State of Missouri against the defendant of such illegally obtained evidence and testimony would violate the constitutional rights of the defendant as guaranteed by the Constitution of Missouri, Article I, Sections 10 and 15 and the Constitution of the United States, Amendments IV and XIV (Section 1), * * *."

The motion to suppress was overruled and Officer Luntsford testified to his observation of the manner of operation of the 1959 Ford, i.e., its speed and movements, his identification of appellant as its driver through his recognition of appellant when the Ford stopped, and his opinion that appellant was intoxicated. Appellant's operator's license was never in evidence, nor were any personal effects from his person or automobile.

Appellant contends the court erred in overruling his motion to suppress and in admitting testimony "by witness Luntsford that defendant was the driver of the motor vehicle * * * for the reason that the arrest and detention of defendant by Officer Luntsford * * * was illegal * * and admitting into evidence against the defendant such illegally obtained evidence violated the defendant's constitutional rights" and protection against unlawful search and seizure.

Appellant would, by his contention, raise the question whether identification of an accused in the course of an unlawful arrest constitutes a "search and seizure" within the meaning of Article I, Section 15 of the Constitution of Missouri, V.A.M.S. and Amendment IV of the Constitution of the United States requiring suppression of the identification at trial on proper motion.

Even if it be assumed that appellant was illegally arrested by Officer Luntsford, appellant's contention must fail because there was no search and seizure which produced the identification. The evidence shows that nothing was taken from appellant and used against him in trial, nothing was taken from his automobile, and no statement of appel-

lant to Officer Luntsford was offered. Officer Luntsford simply observed and later testified to his observation and identification of appellant, something that could not be hidden as to require search nor withheld as to require seizure.

Words and Phrases, Vol. 38A, p. 23 ff., contains many definitions of "search," e.g., "a search implies a prying into hidden places for that which is concealed and that the object searched for has been hidden or intentionally put out of the way. While it has been said that ordinarily searching is a function of sight, it is generally held that the mere looking at that which is open to view is not a 'search,'" Mardis v. Superior Court, In and For San Bernardino County, 218 Cal.App.2d 70, 32 Cal.Rptr. 263, 267[7]; and Words and Phrases, supra, p. 226 ff., contains a number of definitions of "seizure," e.g., "'seizure' contemplates forcible dispossession of the owner and it is not voluntary surrender," People v. Fitch, 189 Cal.App.2d 398, 11 Cal.Rptr. 273, 277[14]. For discussion to same effect, see State v. Camper, Mo., 353 S.W.2d 676, 679[5, 6]

Accordingly, it has been held there is no search and seizure in making inquiries or looking for purposes of identification. In Cotton v. United States, 9 Cir., 371 F.2d 385, 391[7–10], an officer opened the door of the automobile in which defendant was riding and obtained a serial number; in State v. Brooks, 57 Wash.2d 422, 357 P.2d 735[2, 4], the officer opened the door of an automobile loaded with stolen goods and saw defendant; and in Mardis v. Superior Court In and For San Bernardino County, supra, the officer opened an automobile door and observed defendant asleep.

Appellant's citations, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319, and State v. Hunt, Mo., 280 S.W.2d 37, are not in point because they dealt with search and seizure and it has been demonstrated that there was no search and seizure in this case. Nardone v. United States, 308 U.S. 338, 60

S.Ct. 266, 84 L.Ed. 307, was a wire tap case not pertinent to this issue.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., STORCKMAN, J., HENLEY, Alternate Judge, concur.

HOLMAN, J., not sitting when cause was submitted.